## JAMES O. EDWARDS *et al.*
### *v.*
## GEORGE J. EDWARDS *et al.*

1. JURY TO ASSESS DAMAGES—*form of the oath—when to object.* It cannot be objected for the first time on appeal, that a jury empanneled to assess damages, were sworn " to try the issues," when the party objecting was present and contested the assessment, and took a bill of exceptions. He should have objected then to the form of the oath, so that the proper oath could have been administered.

2. MEASURE OF DAMAGES—*in action on injunction bond.* Where a party is restrained by injunction from taking possession of a farm, from March to September, he is not restricted, in an action on the injunction bond, to proof of the value of the use of the land up to the time of the dissolution of the injunction, but he may show that by reason of being kept out of the land, he lost the crops for the season.

3. The question in such case is not, what the land was worth to the complainant in the injunction suit, but what was the damage to the defendant, by reason of being kept out of possession during that period?

APPEAL from the Circuit Court of Mercer county; the Hon. AARON TYLER, Judge, presiding.

This was an action of debt upon an injunction bond, instituted in the Circuit Court, by George J. Edwards, Robert A. Edwards and James M. Mannon, for the use of George J. Edwards, against James O. Edwards and Lewis W. Thompson.

It appears from the declaration, that, at the September term, 1857, of the Circuit Court of Rock Island county, George J. Edwards recovered a judgment in an action of ejectment against James O. Edwards, for certain lands situate in Mercer county.

On the 20th of February, 1860, a writ of possession was issued upon that judgment, directed to the sheriff, the said Mannon, and while this writ was in the hands of the sheriff, on the 8th day of March, 1860, the said James O. Edwards, the defendant in the action of ejectment, exhibited his bill in chancery in the Circuit Court of Mercer county, against the

said George J. Edwards, the plaintiff in the action of eject-ment, Robert A. Edwards, and James M. Mannon, the sheriff, praying, among other things, that an injunction issue, enjoin-ing any further proceedings under the writ of possession. The injunction was awarded, on condition that the complainant execute bond to the defendants in the suit in chancery in the penal sum of $1,500, conditioned as the law requires.

Upon such bond being given, with Lewis W. Thompson as security, an injunction was issued in pursuance of the prayer in the bill, and further proceedings under the writ of posses-sion were thereby stayed.

Subsequently, such proceedings were had in the suit in chancery, that upon the hearing, the injunction was dissolved and the bill dismissed, and a decree against the complainant for costs, taxed at $2.25.

Upon that injunction bond this action of debt was brought, the plaintiffs alleging that by the force and effect of the said writ of injunction, the plaintiff, George J. Edwards, was kept out of the possession of the said premises, and deprived of the use and enjoyment of the same, and of the rents, issues and profits thereof, from the 10th day of March, 1860, the time of the service of the writ of injunction, until the 1st of September following, when the injunction was dissolved, whereby they had sustained damage to the amount of $1,500, and that the defendants had not paid the decree for $2.25 costs, etc.

A demurrer to the declaration was overruled, and the defendants abiding by their demurrer, it was ordered by the court, that the plaintiffs have judgment for their debt and damages, and because the same were unknown to the court, a jury was empanneled to assess the amounts. Thereupon, a jury was empanneled and sworn " to well and truly try the issues joined." Upon this inquest of damages the plaintiffs introduced evidence showing the quantity of land in cultiva-tion upon the premises mentioned, and the value of the use of such premises from the time of the service of the writ of injunction until the dissolution of the injunction. It appeared

there was a large crop of corn and grass on the farm that season, none of the corn being gathered on the 1st of September, 1860.

The defendants asked a witness the following question, which was objected to by the plaintiffs, and the objection sustained by the court:

"What would the use of the premises be worth to any one, from the 10th of March to the 1st of September, 1860, if on the 1st of September, 1860, they had to be surrendered, with all the crops then standing and growing thereon?"

The witness, who was a tenant on the premises, stated, in answer to a question of the court, "that he gathered the crop from his part, as tenant of defendant, Edwards, and gave him the landlord's share, and the other tenants did the same thing. The plaintiffs did not get possession of the lands that fall, nor any benefit from the crops."

The plaintiffs also gave in evidence, the injunction bond, the bill of costs in the suit in chancery, and the order dismissing the same.

The defendants then moved the court to exclude all the evidence having reference to the value of the use of the premises pending the injunction, as being irrelevant; insisting that the damages for being kept out of possession were not included in the condition of the bond. But the court overruled the motion, and the defendants excepted.

The court then gave to the jury the following instruction on the part of the plaintiffs:

"That if they find for the plaintiffs, they will find the amount of their debt, to wit, the penalty of the bond, and also assess the damages at such sum as they believe, from the evidence, the plaintiffs to have sustained by reason of being deprived of the possession of the premises mentioned, from the 10th of March, 1860, to the 1st of September, 1860."

The court refused to give the following instructions numbered one and two, asked on the part of the defendants:

"1. The court will instruct the jury, that the plaintiff is not entitled to recover in this case, anything more than his

costs adjudged him on the dismissal of the injunction case of James O. Edwards *v.* George J. Edwards *et al.*

" 2. The jury are instructed that they are not to regard any evidence of the value of the use of the premises, except such evidence as relates to the actual value of their use, from the 10th March, 1860, to the 1st September, 1860."

The court, of its own motion, instructed the jury as follows:

" The jury are instructed that they are not to regard any evidence of the value of the premises, except such evidence as will help them to fix the actual value of their use from the 10th March, 1860, to the 1st September, 1860."

The defendants excepted to the giving of the instruction asked by the plaintiffs, and that given by the court upon its own motion; and to the refusal of the court to give instructions one and two, asked by themselves.

The jury found for the plaintiffs their debt, $1,500, and assessed their damages at $372.25.

A motion for a new assessment, and in arrest of judgment, was overruled, and a judgment entered in accordance with the finding of the jury. The defendants below thereupon took this appeal.

The assignment of errors presents the following questions:

*First.* Whether a recovery of damages can be had in an action upon the injunction bond, on account of being deprived of the use of the premises, unless such damages were assessed by the court upon the dissolution of the injunction, or until fixed by a judgment in another action.

*Second.* Whether it was proper to swear the jury " to try the issues," instead of swearing them to assess the damages; and

*Third.* As to the rule of damages with reference to the use of the premises.

Messrs. GLOVER, COOK & CAMPBELL, for the appellants.

Mr. H. M. WEAD, for the appellees.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

We have decided the main question here presented in *Brown* v. *Gorton*, *ante*, 416, and shall spend no more time with it now. There are some questions presented, we presume, as make-weights upon the assessment of damages. One is, that the jury was sworn to try issues, instead of to assess the damages. As the defendants were present, and contested the assessment of damages, and took a bill of exceptions, they should have objected to the form of the oath, so that the proper oath could have been administered.

· The principal question, however, on the assessment of damages, is, as to the use of the land. The injunction was issued early in the spring, and was dissolved in September, and during that time restrained the party from taking possession of a farm. The defendants insisted that the measure of damages was the value of the use of the land up to the time when the injunction was dissolved. We think the court properly allowed the evidence to take a wider range, and show that being kept out of the land till the first of September, occasioned the loss of the crops for the season. The question is not, what the land was worth to the complainant in the injunction suit, but what was the damage to the defendant for being kept out of possession during that period? We see nothing wrong in the rule laid down by the court. Some other minor questions are made, which we do not think necessary to examine in detail.

The judgment is affirmed.          *Judgment affirmed.*