## FLEMING & BALDWIN *v.* MATILDA BAILEY.

1. ATTACHMENT—MEASURE OF DAMAGES.—Where an attachment was levied on cotton which depreciated in value, from fifty to thirty cents per pound, after seizure and before the attachment was quashed, the extent of the depreciation is the measure of damages to govern the jury in their verdict.

2. ISSUE OF ABATEMENT.—In trying the issue of abatement, where the grounds on which the attachment issued are traversed, the jury have as large a scope to consider and determine the damages, as in a suit on the attachment bond.

3. MEASURE OF DAMAGES.—A person restrained by injunction from taking possession of a farm from March to September, is not restricted in a suit on the injunction bond, to proof of the value of the mere use of the farm during the time, but may recover for the loss of crops.

Error to the circuit court of Adams county. SMILEY, J.

The plaintiffs in error assign the following errors:

1st. The court erred in overruling the motion for a new trial.

2d. The court erred in rendering judgment for the damages assessed by the jury, because the same were excessive, and could not lawfully be allowed under the pleadings in the case.

*John D. Freeman,* for the plaintiffs in error.

This is a case of attachment in which the plaintiffs in error made oath that the defendant was indebted to them in the sum of $176 57, and that she was about to convert her property into money, and place it out of creditors, etc. Defendant pleaded in abatement, denying the intent, and praying the dismissal of the attachment, but claiming no damages. Defendant was afterwards declared *non compos mentis,* and the case revived in the name of her guardian. Cocke and wife v. Kuykendall, 41 Miss., 65. The damages assessed were grossly excessive, the cotton attached having been returned uninjured to the defendant. 14 Cal. R., 553; 6 Peters, 262.

The verdict is in these words: "We, the jury, find that the attachment was wrongfully sued out, and do assess the damages, by reason thereof, at the sum of $5 35." The damages did not arise from any injury to, or detention of, the cotton, but simply from the wrongful suing out of the attachment. The plea avers no special damages, but simply denies that she was about to convert her property, etc. The plaintiffs are not notified that they will be required to respond to any claim of damages. The rule is, that "special damages" must be set forth specially in the pleadings, or no recovery therefor can be had. Dickinson v. Cagle, 17 Pick., 78; 1 Chitty's Pl., 370. Damages are either "general" or "special," such as the law implies, or such as really ensue. 1 Chitty's Pl., 428; Sedgwick on the Measure of Damages, 475. In an action on the case, or "excessive distress," no mention of the sale, either for damages or by way of substantial complaint being made, the plaintiff could only recover damages in respect to the detention of the property. Duggs v. Dwight, 17 Wend., 71; Sedgwick on Dam., 576. The detention is the only ground for the claim of damages. Sixteen bales of cotton were levied upon, valued at $2,560, by the sheriff. The detention was from the 7th of October, 1865, till the 12th of April, 1866—about six months. The interest on this sum for that length of time would be $76 80. Sedgwick on Dam., 548, §§ 49, 50, 51; Whitfield v. Whitfield [Apr. 7, '66.]

There was evidence before the jury that there were 7,195 pounds of cotton, worth fifty cents a pound at the time of the levy, and only thirty cents at the time the levy was discharged—the difference amounting to $1,439. But this is no just criterion of damages. The loss of a good bargain cannot be recovered for. Noel v. Wheatley, 30 Miss. 181.

*Thacher & Guice,* on the same side,

Cited Ellis v. Short, 21 Pick., 142–336; Breddington v. Shean, 22 Pick., 427; Commonwealth v. Baswick, ib., 397; 7 Mass., 518; 17 Mass., 249; Sedgwick on Dam., 5–30–301–550; title, Attachment, ib., 550; Loker v. Dawson, 17 Pick., 284–288; Byrd v. Brown, 17 Pick., 453; Sedgwick on Dam., 68; C. J. Marshall, quoted in Sedgwick on Dam., 37–39–57; 2 New Hamp., 87; 16 Mass., 294.

In the absence of fraud, etc., the only damages that could result to defendant in error, would be those resulting from the wrongful suing out the attachment. Rev. Code, 374; Sedgwick on Dam., 58–68–69; also 550, note 1; Spivey v. McGehee, 2 Ala., 417–491; Cocke and wife v. Kuydendall, 41 Miss., 65. The plaintiffs in error could not control the cotton after the levy, but defendant in error could by replevying. Rev. Code, 375, art. 8; 376, art. 11; 378, art. 17.

The Rev. Code, 382, art. 44, declares: "That act shall be construed in all the courts of judicature, in the most liberal manner, for the detection of fraud, the advancement of justice, and the benefit of creditors." The decline in the price of cotton did not result from the suing out and levy of the attachment in this case. Sedgwick on Dam., 58, 59–66; Greenl. Ev., 210; see also Rev. Code, 492, art. 90; 493, art. 87; 1 Sedgwick on Dam., 65–67, 68, and 575–6–7; Chitty's Pl., 370; Laker v. Damon, 17 Pick., 284–288; Byrd v. Brown, ib., 453.

SIMRALL, J. :

The judgment of the circuit court of Adams county was affirmed by the high court of errors and appeals at June

term, 1867.   That judgment of affirmance was subsequently set aside and vacated on the suggestion that the defendant in error, M. S. Bailey, was deceased at the date of its rendition.   It is now submitted to us, having been revived against the administrator.   No written opinion was delivered by our predecessors, and we are, therefore, without the benefit of their reasoning.   Fleming & Baldwin caused an attachment to be levied on several bales of cotton as the property of Mrs. M. S. Bailey, their debtor, on the affidavit that " she is about to convert her property into money with intent to place it beyond the reach of her creditors."   The truth of the affidavit was traversed by plea in abatement.   The jury found the issue for the defendant and assessed damages for the wrongful suing out of the attachment.   The verdict is complained of as against the testimony, and 'excessive.   It appears from the testimony that the attachment was levied on sundry bales of cotton, worth at the date of the seizure fifty cents per pound, but which had depreciated in value to thirty or thirty-two cents per pound, when the attachment was dissolved.   It is evident that the jury computed the depreciation, and acted on it, as the criterion of damages.

The statute, makes it the duty of the jury, if they shall find for the defendant, to assess the damages for wrongfully suing out the attachment.   The defendant is entitled to all damages sustained, as the result of the wrongful act.

It was in proof, that the agent of Mrs. Bailey had the cotton on the market at Natchez for sale, at the time of the levy by the sheriff.   It is quite evident that the wrongful act of the plaintiffs, Fleming & Baldwin, prevented and defeated a sale, and· that a loss accrued to Mrs. Bailey of the difference in the price then, and when the cotton was restored to her on the dissolution of the attachment, and such compensation she ought to have, unless some rule of the law forbids it.

. We think the jury, trying the issue of abatement, have as large a scope to consider and estimate the damages, as in a suit on the attachment bond.   In Barbour v. Fisk, 30 N. Y.

Rep., 160, pending an injunction, certain booms were carried off and sold. The stipulation in the bond was to pay all damages sustained by the defendant by reason of the injunction order. It was held that *prima facie* the value of the property, was the measure of damages. It was said, if the property had remained specifically the same during litigation, and at its conclusion, had been in the defendant's reach, the damages would have been such as resulted from a privation of the use, and from any depreciation of value. In Edwards v. Edwards, 31 Ill., 474, a party was restrained by injunction from taking possession of a farm, from March to September; he was not restricted, in a suit on the injunction bond, to proof of the value of the use of the farm for the time, but as legitimate element of damages, ought to have recovered for the loss of the crops of the season, by reason of having been kept out of possession.

In Horne v. Belcher et al., 11 La. Annual Rep., 321, pending the sequestration of a note, the makers became insolvent. On suit on the sequestration bond, the plaintiff was allowed for his damages, the amount of the note. The court say, the sequestration had the effect of suspending the collection of the note, and of placing it beyond the reach of commerce, and had this not been done, it is not improbable it would have been paid at maturity.

Meshke v. Van Dorn, 16 Wisconsin Rep., 323, was attachment levied on wheat; the plaintiff claimed as part of his damages, the depreciation in the value of the wheat. It was ruled that the measure of damages was the difference in the value of the article from the time it was taken out of defendants possession, and its value at the time of its re-delivery. There was no error, therefore, in the principle upon which the jury assessed the damages, for the wrongful suing out of this attachment. Without reciting the testimony, we are satisfied that the verdict is supported by the evidence.

Nor is there anything in the affidavit of John Fleming and H. M. Baldwin in support of the motion for new trial, which would entitle them to another trial. It is not perceived what

influence the omitted statements of the Baileys could or ought to have. The only effect would be to prove that the plaintiffs were not actuated by motives of malice or oppression, but the verdict is not for punitive damages, besides these witnesses were strangers in interest to the cotton, nor, in anywise, as it seems, liable for the debt.

If the testimony set out in Baldwin's affidavit had been before the jury, it could not have changed the result. The real question was the value of the cotton when attached, and when re-delivered. But when this sort of application is made, the party must offer a reason why the witness was not produced on the trial, and must also, if possible, produce the affidavit of the witness, in order that the court may know what the witness will depose, and its materiality.

Wherefore we affirm the judgment of the circuit court.