## ISAAC SMITH et al. *v.* ANGELINA WELLS.

1. EVIDENCE — DECREE DISSOLVING INJUNCTION CONCLUSIVE, UNTIL REVERSED, AGAINST THE PROPRIETY OF THE INJUNCTION. — In an action on an injunction bond, to recover damages sustained by the wrongful suing out of the injunction, which has been dissolved, the decree of dissolution must be accepted as conclusive against the propriety of suing out the injunction, and evidence which tends to controvert this, and to show that the injunction was not properly dissolved, is inadmissible.

2. STATUTE — CONSTRUCTION OF ACT 22D NOV. 1865, PAMPHLET ACTS, P. 140.. — The act of 22d November, 1865, pamphlet acts, p. 140, which empowers the probate courts to authorize the administrator to lease land upon certain terms and conditions, does not confer power on the probate court to authorize an administrator to take into possession and lease out the exempt homestead, or to interfere with the widow's right of dower.

3. SAME — CASE IN JUDGMENT. — In an action by the widow, to recover damages on the injunction bond given by the administrator of her deceased husband, to enjoin her from prosecuting her action of forcible entry to recover possession of the homestead, which the administrator had leased by authority of the probate court, the record of the proceedings of the probate court, resulting in the order to lease the premises, is inadmissible as evidence.

ERROR to the circuit court of Panola county.   FISHER, J.

This is a suit upon an injunction bond to recover damages alleged to have been sustained by reason of the wrongful suing out of said injunction. The declaration sets out the giving of the bond, and recites that, at the date of the giving thereof and the obtaining thereunder of the writ of injunction, plaintiff was prosecuting, before a justice of the peace, a summary proceeding to obtain from defendant, Smith, the possession of a piece of land, described. Said defendant obtained an injunction (upon the giving of the bond here sued on) from the chancery court enjoining the prosecution of said suit before the justice. By said injunction said suit was restrained for twelve months, whereby plaintiff lost the rents of the lands for a year, alleged to be worth $1,000. The declaration then recites that said injunction was afterward dissolved, and that thereupon the suit before the justice was prosecuted successfully, and possession of the land obtained.

This suit is, therefore, brought upon the injunction bond.

to recover damages thereon to the amount of the value of the rents which were lost, namely, $1,000. No special damage, other than the loss of rents, was averred or proved, and the jury found the rents to be worth $500, for which judgment was given.

The defendant, in the court below, offered in evidence the record of the probate court, which showed that he was administrator *de bonis non* of the husband of plaintiff, and that he had obtained an order of the probate court for the leasing of the premises to prevent the recovery of the possession of which he had enjoined plaintiff, but this evidence was excluded, and the action of the court was excepted to, and is assigned for error.

*White & Chalmers*, for plaintiffs in error.

The proceedings in the probate court were clearly admissible to rebut plaintiff's claim for rents, and it will be observed that the loss of the rents is all the damage she sustained. It is proved by several witnesses that the rent for that year was worth $500, and that is the exact amount recovered; no other damage whatever is proved or attempted to be proved. But it is said that the proceedings in the probate court were had without any notice to her; that she was no party to them, and, therefore, they were not admissible in evidence against her. This is the ground upon which the record was excluded in the court below. We grant that she was no party, and we answer that she was not a necessary party. The statute referred to only requires the adult heirs living in the county to be made parties. She did not live in the county, but hundreds of miles away from it, as the record shows.

But it is urged that she was entitled by law to hold the homestead both as an exemption and as dower. We reply that she had abandoned it as a homestead, and that her right to it, both as dower and as homestead, is purely statutory, and is liable to be defeated by statute. The effect of the statute under consideration is to defeat the widow's

claim for a short time in the manner pointed out by it; that is to say, that if a decedent leave land in a county in which his widow does not reside, the administrator, under the orders of the court, may rent it out, without notice to her. To this extent, her claim to hold it is postponed for the ultimate good of the estate. But it is urged that this is depriving her of her legal rights without notice, and is, therefore, contrary to natural justice. By no means. Her right to hold it is purely a creature of the statute, and may be modified in the discretion of the law giver. When we say that her right to hold it is statutory, we do not mean to say that her right of dower is statutory, but to say that her right to hold all her husband's lands, without having had any dower assigned to her (until such time as it is assigned), is statutory. It is not only statutory, but is peculiar to the statutes of Mississippi and a few other states. Now, this peculiarly statutory right the legislature has seen fit to modify, by the act under consideration, in the mode therein indicated. Could they not provide for this without it being necessary to notify her of the application? Most certainly. It might have abolished her right altogether. It provides that if she live in the county, she shall have notice, otherwise not. A widow certainly has as deep and fixed an interest in her husband's personalty as in the *usufruct* of his land, and yet his personalty is absolutely sold by the administrator without any notice to her, no matter where she lives. This statute does not contemplate a sale, but only a renting of the land for the benefit of the estate. We, therefore, think she had, by the proceedings in the probate court, been divested of her right to recover the rents for that year, and that the record of such proceedings ought to have been admitted in evidence upon the question of damages.

In conclusion, we call the attention of the court to the intolerable hardships of this case, if a contrary view is entertained. This administrator in this action is virtually, and in effect, sued for the rents of the land. That is the practical effect, though not the form, of action. Those

rents he has already, by the orders of the court to whose exclusive jurisdiction he is, in his administrative capacity, amenable, in the mode pointed out by the statute, been ordered to account for in his settlement. He has done so, and now, when sued in a court of law for the rents, he is not permitted to show these facts. Remember, that we ask to be allowed to do so, not as a complete, legal, technical defense to the suit on the bond, but as affecting the measure of the recovery under the plea of *non damnificatus.* We ask a reversal for the error committed in excluding this evidence.

*Walter & Scruggs*, for defendant in error.

The court below properly excluded the evidence. The probate court had no jurisdiction of the subject-matter of the suit before it, and its proceedings were a nullity.

The proceedings were void for two reasons, viz. : 1st. By the Rev. Code (1857), p. 470, the widow is entitled to the possession, the full possession, of the dwelling-house, in which her husband most usually dwelt next before his death, together with the outhouses, offices and improvements, and the plantation thereunto belonging, free from molestation or rent until her dower shall be assigned her. She was entitled to full possession, free from molestation 'or rent. The humane policy of the law gave her this for support in her deep affliction, and the probate court had as much jurisdiction to rent this land as it would have to rent the capitol grounds. Having no jurisdiction over the subject-matter, its decree was a nullity. By law, appellant had the right to have had dower allotted, and then to have rented under the order of the court the residue. 2d. The case of A. N. Parker v. David Dean,* just decided by this court, settles this case also. It holds that the exempt property under the acts of 1865, 1867, belongs to the widow and children. The court say, "that upon the death of the debtor his family take by inheritance, and do not hold the

* 45 Miss. 408.

real estate as a homestead upon the terms of occupying, but hold absolutely and free from all conditions." Wells died after the passage of these acts. His exempt property had not more than one hundred acres cleared, and this descended to his widow and children. The probate court had not a shadow of jurisdiction over it as exempt property.

As against the world, save only the vendor in a proceeding in chancery to enforce collection of the purchase-money, the widow holds her dower, and she and her children hold the exemption. It was not the subject of any administration, and the order of the probate court was a nullity. The court properly excluded it.

We need not be told that the act of 1865, p. 140, authorizing the renting of decedent's land, covers a case like this. The spirit of all our legislation is hostile to such a construction.

This court will never sanction the monstrous doctrine, that, because it may be necessary to "pay debts," the administrator may rent out the dower or the exempt property, and leave the widow and children to starve. Such was the attempt, however, of the probate court in the case at bar. The condition of the country in 1865 explains the motive as well as the purpose which prompted the passage of the act of that year. Large plantations were vacant in every portion of the state. Labor could not be procured in large quantity. The legislature, therefore, authorized the renting of these large plantations of decedents, but never intended to take either the dower or exempt property from the widow. The whole policy of that legislature was favorable to the debtor class. It enlarged exemptions and fettered creditors.

But the very terms and words of the act exclude the construction claimed by appellant. The first section, in reference to the cultivation of the lands of decedents, speaks of the lands of the deceased or ward, without prejudice to the heirs, legatees, distributees or ward. The other section, when speaking of renting, uses the term "plantation or farm," and that it shall be done when beneficial to the par-

ties interested, and the heirs or guardians shall have notice, etc.

The widow, as to her dower, is certainly not an heir, nor is she or her children heirs as to the exempt property, for the property goes direct to them without administration and against the administrator. But how could it possibly benefit the widow, for her dower to be taken to pay debts? Neither the spirit nor language of the act tolerates this construction.

SIMRALL, J. :

The complainant, Isaac Smith, brought an injunction suit against the defendant, Angelina Wells, enjoining a proceeding of forcible entry and detainer, instituted by her to recover the possession of a tract of land. The injunction was dismissed, and thereupon Mrs. Wells sued Smith and his sureties on the injunction bond.

The premises, by means of the injunction, were withheld from Mrs. Wells for a year. It was in evidence that their use for the year was worth $500, which was the amount of damages awarded by the jury. It is assigned for error that the circuit court excluded from the jury a transcript of the proceedings and order of the probate court, authorizing Smith, adminstrator *de bonis non* of Reuben Wells, deceased, to rent the premises for the year 1870. Counsel for the plaintiffs in error do not claim that these proceedings of the probate court, if allowed in evidence, would or ought to bar a recovery, but they ought to be considered and have influence in the mitigation of damages. We must accept the decree of the chancellor, dissolving the injunction, as conclusive that the complainant had not made out a case against Mrs. Wells' right to proceed to judgment in her suit of forcible entry and detainer. When relieved of the injunction she recovered the premises. Now what is the covenant of the obligors? That "if the said injunction shall be dissolved, and the said Isaac Smith shall pay and satisfy all costs and damages as shall result from the

wrongful suing out of the injunction,   *   *   *   etc., the obligation to be void." The loss of the use and rental of the premises for a year was the result of suing out the writ; or at all events, the jury have certified that damages to the extent of the value of one year's rent has ensued. But for the interference of the complainant, Mrs. Wells or her tenants would have occupied the premises, or she would have recovered possession, perhaps, in time to have made them available. Edwards v. Edwards, 31 Ill. 474, was a suit upon a "bond restraining a party from taking possession of a farm." It was held that the plaintiff was not restricted to the mere value of the use of the farm for the time, but ought to be compensated for the loss of the crops for the season. In Fleming & Baldwin v. Bailey, 44 Miss. 135, depreciation in the value of the cotton, from the date of the seizure until a dissolution of the attachment, was declared to be the measure of damages in a suit upon the bond. The party injured by the injunction is entitled to compensation for all loss and injury, naturally and fairly referable to the wrongful act of the obligor.

The transcript offered in evidence was the petition of Smith, administrator of Reuben P. Wells, deceased, to rent out the land, and the license of the court for him so to do for the year 1870. The proceeding is founded on the act of 22d of November, 1865, p. 140, § 2, which empowers the probate court to authorize the administrator to lease the farm for a term not exceeding three years, and certain notices being given, and the court being satisfied "that it would be beneficial to all interested." The ground upon which the injunction was asked was, that the administrator had leased the premises for the year 1870, and that Mrs. Wells was attempting to remove the tenants by her suit before the justice of the peace. The rejected evidence went to the same point, and ended to show authority from the probate court to demise for the year. If there be any efficacy in the evidence it would be to show a right to lease, and, therefore, the order of dissolution was wrong. Smith, the

administrator, by his bill, asserted that Mrs. Wells ought not to be permitted to remove the tenants of Smith, because he had of right demised to them. If these proceedings of the probate court would enable him to lease, he ought to have preferred the matter in his bill, or introduced it by amendment. To have admitted it on this trial, would be to open afresh the conflicting rights of the administrator and Mrs. Wells to the possession of the land. As we have already said, the decree of the chancellor is "conclusive" until reversed, that the injunction was wrongfully obtained, if so, the obligors are liable for all damages legitimately, naturally and fairly traceable to the wrongful act. It would have been competent for the obligors to prove that Mrs. Wells realized the rent of the land for 1870, in whole or part ; but they could not be allowed to prove that Smith, as administrator, had a right to lease for the year, and thus again put in controversy what was or might have been litigated in the chancery suit.

The statute of 1865, referred to, must have a sensible construction, treating it as a part of the law, defining the powers and duties of an administrator, and the rights of heirs and widows. It should not be so interpreted, as to authorize an administrator to take into possession and lease out the exempt homestead, for that descends to the widow and children, and constitutes no part of the estate for creditors. Parker v. Dean, 45 Miss. Nor should it have such reading as will interfere with the dower rights of the widow.

We are unable to see what different result the rejected evidence, if admitted to the jury, would have had, or what benefit the defendants could have derived from it.

Wherefore we affirm the judgment.