[No. 3286.   Decided April 4, 1900.]

WILLIAM M. RIDPATH *et al.*, *Respondents*, v. H. C.
MERRIAM *et al.*, *Appellants*.

ACTION ON INJUNCTION BOND—WRONGFUL RESTRAINT—MEASURE OF
DAMAGES.

Where, after the expiration of a lease, under which the tenant
is entitled to remove any building placed by him on the leased
premises, he is wrongfully enjoined from doing so at the suit of
the landlord, his proper measure of damages, in an action on the
injunction bond, when the building was capable of removal, not
as a structure, but only as so much material to be torn down
and carried away, would be the loss in value of the material of
the building between the time the injunction was issued and the
time it was dissolved, with lawful interest on the original value
during that time.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.   Reversed.

*Thomas C. Griffitts*, for appellants:

"Where the writ operates, not to change the possession,
and does not result in a loss of the chattels, but in suspend-
ing the owner's control, then the amount properly recover-
able on the bond is the loss in the value during the opera-
tion of the injunction, not exceeding the penalty, with in-
terest from the institution of the suit; and this damage is
the difference between the value of the property at the time
when the bond was given and its value at the time the in-
junction was dissolved, together with interest." 2 Suther-
land, Damages, p. 73; *Levy v. Taylor*, 24 Md. 282; *Mey-
senburg v. Schlieper*, 48 Mo. 426; *Brandamour v. Trant*,
45 Ill. 372; *Rubon v. Stephan*, 25 Miss. 253.

*Blake & Post*, for respondents:

Damages which may be recovered upon an injunction
bond are as various as the subjects which may be affected

by the restraint. 2 Sutherland, Damages, p. 99. In determining the amount of such damages, the courts are not governed by arbitrary rules, but proceed upon equitable principles. 2 High, Injunctions, § 1673. The damages sought here, being for the detention and deterioration of the property, the same rule applies as in all other cases of wrongful detention. *Suydam v. Jenkins,* 3 Sandf. 614. The rule in replevin cases, where the property is taken by process of law, as it was here by writ of injunction, is peculiarly pertinent. The general rule in replevin, where the property is taken by the plaintiff and not returned, upon judgment of return, is that the defendant is entitled to damages in the amount of the value of the property, for the wrongful taking, and interest thereon for its detention. But there is a well defined exception to this rule, so far as damages for detention are concerned; where the property has what is denominated a "usable value," such fact may be shown and proof made as to such value; and the authorities are practically unanimous upon this proposition. They disclose a variety of classes of property to which the rule has been applied. *Boston Loan Co. v. Myers,* 143 Mass. 446 (9 N. E. 805); *Chauvin v. Valiton,* 3 L. R. A. 194; *Butler v. Mehrling,* 15 Ill. 488; *Clark v. Martin,* 120 Mass. 543; *Williams v. Phelps,* 16 Wis. 80; *Morgan v. Reynolds,* 1 Mont. 163; *Coffin v. Taylor,* 18 Pac. 638; *Odell v. Hole,* 25 Ill. 204; *Yandle v. Kingsbury,* 17 Kan. 195 (22 Am. Rep. 282); *Allen v. Fox,* 51 N. Y. 562 (10 Am. Rep. 641).

Had the property in controversy a usable value? We submit that the fact that it was used by appellants to their profit is conclusive upon this question. They say that we had no right to maintain the materials in the shape of buildings upon their ground, but we reply by saying, they prevented us from using them in any manner, or any-

where, and by means of the injunction maintained the
buildings in their then form, and so used them during the
period for which damages are claimed. In *Neiswanger v.
Squier,* 73 Mo. 193, the action was for the conversion of
buildings which the tenant had a right to remove at the
end of the lease, but was prevented by the landlord. It
was there held that the value of the buildings, as they
stood, and not the value of the material in hotch potch,
was the proper measure of damages. The rule of law is
unquestioned that a willful wrongdoer shall not be allowed
to profit by his own wrong. Sedgwick, Leading Cases on
Damages, 567-569; *Buckley v. Buckley,* 12 Nev. 437;
*Chicago, etc., Dock Co. v. Dunlap,* 32 Ill. 207; *Suydam
v. Jenkins,* 3 Sandf. 614.

The opinion of the court was delivered by

FULLERTON, J.—The appellant, H. C. Merriam, being
the owner of certain real property situated in the city of
Spokane, leased the same to the respondents for a fixed
term; granting to the respondents the right to erect certain
buildings thereon, with the privilege of removing them,
provided it be done prior to the termination of the lease,
or within thirty days thereafter. When the respondents
attempted to remove the buildings, Merriam, claiming that
their right so to do had expired by the terms of the lease,
brought an action to enjoin them from so doing, in which
action he procured the issuance of a temporary injunction,
giving an injunction bond, on which the appellant Rufus
Merriam and one Louis Merriam were sureties. Issue was
taken on the allegations of the complaint in that action,
and a trial had thereon, resulting in the dissolution of the
temporary injunction, and a judgment of dismissal and for
costs against Merriam. The respondents thereupon brought
the present action against Merriam and his sureties on the

injunction bond to recover damages alleged to have been suffered by them because of the issuance of the temporary injunction. Louis Merriam was not served, and the action proceeded against H. C. Merriam and Rufus Merriam, resulting in a judgment against them, from which this appeal is prosecuted.

While many errors are assigned on the record, all that are necessary to be noticed are included within the exceptions taken to the rule adopted by the trial court as the measure of damages. This rule cannot be better stated than by quoting the language of the court in his charge to the jury; the court charged:

" The plaintiffs are entitled to recover in this case the reasonable usable value of the materials in the buildings in the form and shape and condition in which defendants took possession of them at the time of the exchange of possession from the plaintiffs to the defendants which is, I think, admitted to be, and I instruct you is the 16th day of April, 1892, on up to some day in December, 1895. That reasonable usable value, I instruct you would be the reasonable rental value of those premises, deducting the reasonable rental value of the ground, exclusive of the improvements of the buildings, and also deducting whatever reasonable sum the defendants paid out for necessary repairs and whatever the defendants paid out, reasonably, for maintaining the premises in rentable condition, and also to deduct out of the sums of money the defendant H. C. Merriam paid out to an agent for the necessary care of the premises in renting and collecting rents and paying taxes, and such other things as might necessarily be done in protecting and preserving the buildings in a rentable condition. Also, you may deduct out therefrom whatever damages may have accrued to the defendant H. C. Merriam on account of the plaintiffs holding possession of the premises in question longer than a reasonable time that it would take plaintiffs to remove the buildings from the lots in question."

" I think I stated to you, gentlemen, that the measure of damages you should allow the plaintiffs would be the reasonable rental value of the premises during the time of their occupancy by the defendant H. C. Merriam deducting a reasonable ground rent, in addition to the other items that I have mentioned to you as being deducted from the claim of the plaintiffs."

It is conceded in the record that the buildings could not be removed as structures, or in any other way than by tearing them down and removing the materials of which they were composed, and that this is the way in which they finally were removed. It is also conceded that the respondents had no rights upon the land of the appellant Merriam at the time the temporary injunction was issued, other than the right to enter upon the land, tear down the buildings, and remove the materials. On this state of facts, did the court give the correct rule as to the measure of damages? We think not. The bond obligated the sureties to pay all damages and costs which should accrue to the respondents by reason of the issuance of the injunction, not exceeding the sum of $4,000. The undertaking of a surety in an injunction bond is one which is strictly construed, and his liability will not be extended beyond the terms of the instrument. Neither will the surety be held beyond the actual damages suffered by the party against whom the injunction is issued, nor for damages which are not the natural and proximate result of the wrongful issuance of the injunction. Where the effect of the injunction is, as it was in the present case, to deny for the time to the owner the use and control of his property, gains which the party suing out the injunction might have made by a use of the property cannot be actual damages suffered by the owner, unless he had the legal right to and could use the property in the same way. Here the respondents had no legal right to maintain their buildings on the real property

of Merriam. They could not remove the buildings so as to use them as structures, and to them in that form they had no usable or rental value. To the respondents the buildings were only so much material, and the damages suffered by them were something different from the rental value of the buildings as buildings. What is the true measure of damages is a somewhat difficult question. But in cases where property has no special usable value, and the writ operates, as in the present case, not in the loss of the property, but in suspending the owner's control, we think the amount recoverable is the loss in value of the property between the time the injunction was issued and the time it was dissolved, with lawful interest on the original value during that time.

Whether, in an action for damages for the wrongful interference with personal property, the owner, after he has had made good his certain, natural, and proximate losses, may recover from the wrongdoer such pecuniary benefit or profit as may then remain in his hands, on the principle that no one should be allowed to profit by his own wrong, we do not here decide. What we do decide is that such surplus profits or benefits cannot be recovered in an action upon an injunction bond against the sureties on the bond.

The judgment is reversed, and the cause remanded for a new trial.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.