[No. 10025.    Department One.    April 1, 1912.]

SUSIE STONE *et al., Respondents*, v. HUNTER TRACT
IMPROVEMENT COMPANY *et al., Appellants.*[1]

INJUNCTION—WRONGFUL INJUNCTION—MEASURE OF DAMAGES. The measure of damages for a wrongful injunction restraining the completion of a house, which plaintiffs were in the act of building, is the rental value of the premises with the improvements as designed, although the house as designed was never completed, a smaller one being erected for the same purpose after dissolution of the injunction.

INJUNCTION—WRONGFUL INJUNCTION—DAMAGES—MOTION TO DISSOLVE—NECESSITY. Failure to move to discharge a wrongful injunction does not limit the recovery to nominal damages, where the injunction was not ancillary to the main issue, but was of the essence of the controversy, and plaintiff tried the case on its merits instead of moving to dissolve the injunction.

Appeal from a judgment of the superior court for King county, Gay, J., entered May 13, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for wrongful injunction. Affirmed.

*Hughes, McMicken, Dovell & Ramsey* and *Otto B. Rupp*, for appellants.

*Andrew R. Black* and *Ralph Simon*, for respondents.

CHADWICK, J.—This suit was brought by the plaintiffs to recover damages for the wrongful suing out of an injunction, which was continued pending an appeal to this court. *Hunter Tract Imp. Co. v. Stone*, 58 Wash. 661, 109 Pac. 112. Under the rulings of the trial judge, the only question left in

[1]Reported in 122 Pac. 370.

the case is whether a true measure of damages was given to the jury. Plaintiffs had begun the erection of a six-room dwelling house, to cost $2,300, when the work was arrested by the lower court. After the case had been decided on appeal and the remittitur sent down, plaintiffs erected a dwelling costing less money than the one contemplated. The testimony shows that the contractor threw up the contract, after a time, on account of the delay and increased cost of wages and material. Plaintiffs set up several items of damage, all of which were denied by the court, except the reasonable rental value of the property during the time the case was pending. The court told the jury that they might find as damages the rental value of the property if the house had been built, from the 15th day of May, 1909, the time when the building was to be completed, until the release of the restraining order. The plaintiffs' testimony is to the effect that $40 was a reasonable rental value, while the testimony of the defendants is that $25 is a fair rent. The jury returned a verdict for $525. From a judgment upon the verdict, defendants have appealed.

It is contended that only nominal damages should have been allowed, inasmuch as the law will not take care of damages which are remote, conjectural, or speculative; that no house was on the property during the time the injunctions were in force, and that the rental value of a house that had not been built was not a proper measure, it being admitted, or rather not denied, that the lot without the house had no rental value. Our first impression was that this theory had merit, but a more careful consideration of the principle involved impels us to hold that plaintiffs are entitled to recover damages for the loss of the use of the property, to be measured by the rental value, or what it would have been worth to respondents had they been allowed to build a house according to their original design.

The measure of damages in a case where a person is prevented by injunction from completing a house cannot be de-

fined with any degree of accuracy. It may be said to be the just application of the rule of reason to the facts of a particular case; or, as stated by Mr. High:

"In determining the amount of damages to be allowed upon the dissolution of an injunction restraining one from exercising acts of ownership over his real property, the courts are not governed by arbitrary rules, but proceed upon equitable principles, the defendant being entitled to such damages as are the necessary and proximate result of such deprivation." High, Injunctions (4th ed.), § 1673.

See, also, Sutherland, Damages (3d ed.), § 527; *Rice v. Cook*, 92 Cal. 144, 28 Pac. 219; *Alexander v. Colcord*, 85 Ill. 323; *Herman v. Allen* (Tex. Civ. App.), 118 S. W. 794.

Now, in this case, although it is contended on the authority of *Southern R. Co. v. Pardue* (Tenn.), 131 S. W. 862, that damages cannot be recovered for the loss of rent for a building that was not built, we nevertheless believe that, where the facts show that the respondents were in the act of building, and but for the act of the appellant would have erected a building according to the plans which had been drawn for that purpose, and where they did actually build a house after the termination of the suit and for the uses contemplated, the true measure of damages is the rental value of the property with the improvements as designed. Mr. High cites the case of *Roberts v. White*, 73 N. Y. 375, to sustain the proposition that loss of rent is an item of damages where a party was restrained from tearing down a wall alleged to be a party wall, intending to erect a building, where the result of the injunction was to interrupt and postpone the plans and purposes of the owner. The same rule is announced in *Hutchins v. Munn*, 209 U. S. 246. We see no difference in principle between this case and that of *Herman v. Allen*, *supra*, where the plaintiff in the suit had been enjoined from removing a store building from a lot owned by the defendant. It was there contended that interest on the value of the building was the true measure of damages. But this was

held to be wholly inadequate, the defendant knowing that the building could be rented and being charged with notice of its reasonable rental value.  Rent was allowed although the building was not removed, just as rent should be allowed in this case although the building was not built.  It seems to be the purpose of the law in cases of this kind to allow a recovery of rent where the testimony shows that it might have been earned but for the injunction.  The case of *Ridpath v. Merriam*, 22 Wash. 311, 60 Pac. 1120, in effect holds, that if a building can be moved so as to put it to use as such, the rental value is the measure of damages.  That measure was denied solely upon the ground that the building could not be moved, and had no value to the owner except as knocked-down material.

As illustrative of the manner in which courts should approach the admeasurement of damages in this class of cases, Mr. Sutherland says:

. "In a case in which the party suing out the injunction was sought to be charged with the value of land for pasturage, he was allowed the cost of fencing it for such use. If the land was unfenced when the injunction issued and was fit only for pasture, and the defendant was not intending to use it for that purpose, or was not prepared to do so, he was not entitled to any compensation; if his intention was to use it and inclose it for use, he was entitled to the value of the use, less the expense of inclosing it.  If he had procured materials to fence it, and was prevented from doing so, he was entitled to be reimbursed for any loss necessarily resulting."   Sutherland, Damages (3d ed.), § 527.

Upon the same principle of equitable consideration, one who is kept out of the possession of his property is not restricted in a suit on the injunction bond to proof of the value of the use, but may recover for loss of crops.  *Edwards v. Edwards*, 31 Ill. 474; *Fleming & Baldwin v. Bailey*, 44 Miss. 132.

In the *Pardue* case, after the injunction had been dissolved, the plaintiff built a house which was much larger

than and cost five times as much as the one originally designed, and which was devoted to different uses. We think the court properly refused to allow the loss of rent as an item of damage in that case, for the subsequent conduct of the owner was in effect a declaration of benefit. The case turned on the finding that the plaintiff had abandoned his purpose, but the court had in mind the rule as we find it to be:

"When the building is subsequently erected, after the restraint caused by the injunction has been removed, the court can then see that contingency has given place to achievement; but, when it is abandoned, the doubt based upon the contingency that necessarily. attends all uncompleted projects is proven, justified, and confirmed."

In the consideration of this case we have found the case of *Bingham v. Walla Walla*, 3 Wash. Terr. 68, 13 Pac. 408. It is there said:

"The damage claimed by him is for prospective profits which he might have received from the rent of the building had he been permitted to erect the same. We think this element of damage too remote."

Standing alone, this would seem to negative all that we have said as to the measure of damage; but we think that case can be clearly distinguished under the authorities. The title was in real dispute, and in such cases if it be shown that the owner would not have built while the title was in dispute, it has been often held that a recovery for the loss of rent will not be allowed. The statement that such damages are too remote is too broad and will not be applied unless the facts warrant it.

Defendants invoke the rule that no damages can be recovered unless they are sustained because of the injunction; that inasmuch as respondents did not move to discharge the injunction in the former case but were content to try the case on its merits, or, in other words, bide the time until the doubt as to their title had been removed, their recovery is limited to nominal damages. Ordinarily, no recovery will

be allowed in such cases, but strictly speaking the former case was not a contest over title. Title has never been disputed. Defendants were selling what purported to be a good title, and plaintiffs were willing to take the title offered. The real question was whether plaintiffs could use and occupy the lot, being of negro blood. In principle the former action was as if the vendor had brought suit to restrain a nuisance, and a defendant in such cases should not be held to the rule invoked unless the injunction is ancillary to or in aid of the real issue. Where a ruling upon the prayer for an injunction would determine the case, where that is the whole controversy, a defendant should not be penalized because he treats it, as in truth it is, as the essence of the controversy.

Finding no error, the judgment of the lower court is affirmed.

DUNBAR, C. J., PARKER, CROW, and GOSE, JJ., concur.