[L. A. No. 11197. In Bank.—December 22, 1932.]

J. A. DRAFFEN et al., Respondents, v. UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Appellant.

Anderson & Anderson, A. G. Ritter and Edward C. Mills for Appellant.

Wood & McArthur, Doyle, Clark, Thomas & Johnson, Ralph K. Pierson and Byron J. Walters for Respondents.

SEAWELL, J.—This is an action against the surety on an injunction bond. Judgment went for the plaintiffs and the defendant appeals.

It appears that the plaintiff and her husband, since deceased, leased oil land to one Gildner, who assigned to the Beaver State Oil Company. After the lessors had declared the lease forfeited for violation of the provisions thereof, the Beaver State Oil Company obtained a temporary injunction restraining the lessors from interfering with the possession, occupation and use of said land and the oil-well, equipment and appurtenances by the Beaver State Oil · Company. The bond here sued on was issued in support of said injunction. Pursuant to said injunction, which was served on plaintiffs on January 10, 1925, they surrendered possession on said date to the Beaver State Oil Company, and five days thereafter the lease was assigned to the Julian Petroleum Corporation. The action in which the injunction was obtained was dismissed for lack of prosecution on July 25, 1927, whereupon plaintiffs brought action on the injunction bond. Defendant's motions for a nonsuit and instructed verdict respectively being denied it rested its case without offering any testimony on its behalf. Judgment went for the plaintiffs for the principal sum of the bond.

Upon this appeal the main contention of the appellant is that any injury suffered by plaintiffs was occasioned by the acts of the Julian Petroleum Corporation and not by the acts of the Beaver State Oil Company, or its servants, agents or employees, and therefore said damage could not have been sustained "by reason of said temporary injunction" and for which defendant may be held liable as surety on the injunction bond.

The amount of damages sustained by plaintiffs which it is claimed is the proximate result of the wrongful issuance of the temporary injunction are far in excess of the sum named in the bond.

At the time the injunction was issued plaintiffs were in possession of the demised premises and the well was producing. The Julian Petroleum Corporation, assignee of the lease subsequent to the issuance of the injunction and the execution of the bond herein sued on, took the well

off production to alter it and was never able to get it to produce again. By the terms of the bond sued on the surety agreed to pay such damages as plaintiffs should sustain "by reason of the said temporary injunction if the said superior court finally decide that the said plaintiff [Beaver State Oil Company] was not entitled thereto". The express condition of the bond is that the principal and surety will pay such damages as the party enjoined sustains "by reason of the injunction". By reason of the injunction the plaintiffs in the present suit were required to and did surrender possession to the Beaver State Oil Company. Pending suit, the lease was assigned to the Julian Petroleum Corporation, and by reason of the injunction the Beaver State Oil Company was enabled to deliver possession to the Julian Petroleum Corporation. The injunction restraining plaintiffs from interfering with the possession of the Beaver State Oil Company would also be available to the Julian Petroleum Corporation which succeeded to the rights of the Beaver State Oil Company in the land by assignment made subsequent to service of the injunction. But for the injunction the plaintiffs herein would have remained in possession.

Appellant contends there is no evidence in the case tending to establish agency between the Julian Petroleum Corporation and its transferors. While there is no direct testimony on that point, there is evidence by way of inference which tends to establish such relationship. For instance, the procurer of the temporary injunction, as the representative of the Beaver State Oil Company, turned over the possession acquired by it to the Julian Petroleum Corporation and thereby gave the implied consent and acquiescence of the Beaver State Oil Company to such control and possession, as did its assignee the Lewis Oil Corporation. These are facts which tend to establish an inference of interlocking relationship between the several oil companies. However, we do not regard this question as conclusive of plaintiffs' right to prevail in the action. The damage suffered by respondent was the proximate result of the temporary injunction which the Beaver State Oil Company procured and which was finally dismissed for want of prosecution. The burden of sustaining the right to an injunction rests upon the bonded party pro-

curing it. In this case there was an abandonment of the right and the injunction was discharged on respondents' motion. By virtue of the injunction which issued plaintiffs were deprived of possession, and the obligation of the Beaver State Oil Company and its surety is to pay plaintiffs such damages as they suffered by reason of being deprived of possession. Such deprivation is traceable solely to the injunction which prevented plaintiffs from taking possession as against the Beaver State Oil Company and the assignee of its rights, one of which is the Julian Petroleum Corporation. The latter corporation, as successor in interest of the rights of the Beaver State Oil Company, cannot be regarded as a stranger to the litigation.

In *Rice* v. *Cook*, 92 Cal. 144, 149 [28 Pac. 219, 220], the following from High on Injunctions, section 1673 (third edition), is quoted and approved: " 'In determining the amount of damages to be allowed upon the dissolution of an injunction restraining one from exercising acts of ownership over his real property, the courts are not governed by arbitrary rules, but proceed upon equitable principles, the defendant being entitled to such damages as are the necessary and approximate result of such deprivation . . . the damages actually sustained by defendants by being kept out of possession will be allowed; . . . ' "

The trial court did not commit error in denying appellant's motion for nonsuit or in refusing to direct a verdict in its favor.

Judgment affirmed.

Shenk, J., Preston, J., Tyler J., *pro tem.,* Langdon, J., and Waste, C. J., concurred.

Rehearing denied.