[No. 13544.   Department One. — December 1, 1891.]

## D. M. RICE, RESPONDENT, *v.* JOHN COOK ET AL., APPELLANTS.

INJUNCTION — BOND — DISSOLUTION — RIGHT OF ACTION FOR BREACH. — An undertaking executed upon the issuing of an injunction, to the effect that the sureties will pay to the defendant such damages as he may sustain by reason of the injunction if the trial court should finally decide that the plaintiff was not entitled thereto, is broken by a judgment of the court totally dissolving the injunction, and the defendant is entitled to maintain an action upon the bond after such dissolution.

ID. — PARTIAL RECOVERY BY PLAINTIFF — LIABILITY OF SURETIES. — The fact that the plaintiff in the action in which the injunction was issued recovered judgment for part of the property sought to be recovered therein does not absolve the sureties upon the undertaking from liability for the damages sustained by the party enjoined, upon dissolution of the injunction.

ID. — PARTIAL DISSOLUTION — RECOVERY OF DAMAGES. — If an injunction is wrongfully issued as to any part of the plaintiff's demand, and it is partially dissolved to that extent, the party enjoined will be entitled to such damages within the limit of the penalty of the bond as he may have sustained by reason of the issuing of the injunction.

ID. — MEASURE OF DAMAGES. — In an action upon an injunction bond to recover damages for the wrongful issuance of the injunction, the measure of damages is substantially indicated by the terms of the instrument as authorized by the statute, and is the actual expense and loss occasioned by the writ, excluding remote damages, and including all damages naturally and fairly traceable to the wrongful issuance of the injunction.

ID. — ENJOINING USE OF LAND — PROXIMATE DAMAGES — EQUITABLE PRINCIPLES. — In determining the amount of damages to be allowed upon the dissolution of an injunction restraining one from exercising acts of ownership over his real property, the courts are not governed by arbitrary rules, but proceed upon equitable principles, the party enjoined being entitled to such damages as are the necessary and proximate result of such deprivation.

ID. — VALUE OF USE OF LAND — LOSS OF CROP. — Where an injunction restraining one in lawful possession of real property from plowing or seeding the land, or using it for any purpose, was issued in January, when l e was engaged in plowing the land and preparing it for seeding, and was not dissolved until the following December, the party enjoined is entitled to recover as damages for the wrongful issuance of the injunction, not merely the value of the use of the land during the continuance of the injunction, but the whole damage occasioned by his being deprived of its use, including the consequent loss of his crop for the year.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*Parker & Sargent, N. A. Dorn,* and *W. M. R. Parker,* for Appellants.

The measure of damages for wrongful seizure and detention of property on attachment is the market value of the use of the property during the detention. (*Hurd v. Barnhart,* 53 Cal. 97.) The rental value of property, the use of which is prevented by an injunction, is the measure of damages, rather than a conjectural estimate of profits. (*Wood v. State,* 66 Md. 61.) Remote damages are not recoverable; so that in an action to recover damages for tearing down fencing inclosing a dairy farm, so that cattle came in and destroyed the grasses, evidence of the profits he might have made by using the land for a dairy is not admissible. (*Giaccomini v. Bulkeley,* 51 Cal. 260.) Damages will not be al-

lowed in such a case for trespasses of the cattle of third persons occasioned by the destruction of fences. (*Berry* v. *S. F. & N. P. R. R. Co.*, 50 Cal. 435; *Story* v. *Robinson*, 32 Cal. 205.) Remote, speculative, or contingent damages cannot be recovered. (*Friend and Terry L. Co.* v. *Miller*, 67 Cal. 464; *De Costa* v. *Mass. etc. Mining Co.*, 17 Cal. 613; Drake on Attachment, sec. 175.)

*S. F. Geil*, and *H. V. Morehouse*, for Respondent.

FITZGERALD, C. — This is an action upon an undertaking for injunction to recover damages alleged to have been sustained by reason of the wrongful issuance thereof.

It is substantially alleged that on the twenty-seventh day of January, 1887, plaintiff was lawfully possessed of the tract of land described in the complaint, and that while so possessed, he was engaged in plowing and preparing it for seeding; that on said date the defendant Cook commenced an action against the plaintiff herein, in the superior court of Monterey County, in which he procured an injunction to be issued and served on plaintiff, enjoining him from plowing or seeding said land, or using the same for any purpose whatever, or from using the grasses then growing or standing thereon; that upon the issuing of the injunction, the defendants Hughes and Iverson, as sureties, executed their undertaking to plaintiff to pay to him such damages, not exceeding the sum of one thousand dollars, as he might sustain by reason of the injunction, if the superior court of Monterey County should finally decide that the plaintiff Cook was not entitled thereto; that the condition of the undertaking was broken by the dissolution of the injunction, to the damage of plaintiff in the sum of eight hundred dollars.

The answer specifically denies each and every allegation of the complaint.

The case was tried by the court, a trial by jury having been expressly waived, and judgment rendered in favor of plaintiff, in the sum of $272.50, from which

judgment, and the order denying defendants' motion for a new trial, this appeal is taken.

It is claimed by appellant that the condition of the injunction bond was not broken by the judgment dissolving the injunction, for the reason that Cook recovered judgment for a part of the land sued for, in the action in which the injunction was issued, from which it necessarily follows that the injunction was not wrongfully issued, and that therefore the plaintiff is not entitled to recover damages on the injunction bond.

Section 529 of the Code of Civil Procedure provides that "on granting an injunction, the court or judge must require . . . . a written undertaking on the part of the plaintiff, with sufficient sureties, to the effect that the plaintiff will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto."

The undertaking herein, the condition of which is in pursuance of the provisions of the foregoing section of the statute, was broken by the total dissolution of the injunction, by a final judgment rendered by the superior court of Monterey County on the twenty-seventh day of December, 1887.

This was, in effect, an adjudication that the plaintiff in that action was not entitled to the injunction, and that thereupon a right of action upon the injunction bond herein at once accrued in favor of plaintiff, and he was entitled to recover such damages, not exceeding the sum of one thousand dollars, as he may have sustained by reason of the injunction.

In *Fowler* v. *Frisbie*, 37 Cal. 34, which was an action on an injunction bond, it was said: "It does not appear on what ground the injunction was dissolved, and the defendants insist that this order does not establish the fact that the district court finally decided that the plaintiff in that action was not entitled to the injunction when it issued, and consequently that the plaintiffs have failed to show a breach of the undertaking. But as we

construe the order, it is, *prima facie* at least, an adjudication that there was no foundation for the injunction, and that it ought not to have issued."

The contention that the condition of the injunction bond was not broken because the plaintiff in that action recovered judgment for a part of. the property sought to be recovered therein is untenable,` for the reason that if the injunction was wrongfully issued as to any part of plaintiff's demand, and it is partially dissolved to that extent, he will be entitled to such damages within the limit of the penalty of the bond as he may have sustained by reason of the issuing of the injunction. (High on Injunctions, 3d ed., sec. 1040; *White* v. *Clay's Ex'rs,* 7 Leigh, 68.)

With reference to the rulings of the court occurring at the trial, and which are claimed to be erroneous, it is sufficient to say that they are either harmless or untenable, for the reason that it is evident from the averments in the complaint and the theory upon which the case was tried, together with the well-settled rule of damages in such cases, that the words "use and occupation," as employed by the court in its fifth finding, were not intended to limit the rule of damages to the rental value of the property. The condition of the undertaking, which was broken by the judgment dissolving the injunction, and upon which plaintiff's right of action accrued, expressly provides for the payment of such damages as may be sustained by reason of the injunction, if it shall be decided that the plaintiff was not entitled thereto. Note 2, page 488, Sedgwick on Damages, fifth edition, which is well sustained by authority, reads as follows: "In suits on statutory undertakings and bonds given to secure a defendant against damages and costs resulting from . . . . an injunction . . . . wrongfully issued, . . . . the measure of damages is substantially indicated by the terms of the instrument as authorized by the statute, and is the actual expense and loss occasioned by the writ, . . . . excluding remote damages." ·

It appears from the findings, and there is evidence to support them, that defendant was, at the time of the issuance and service of the injunction, lawfully in the possession, and entitled to the possession, of the 160 acres of land in controversy, saving and excepting therefrom ten acres; that he was deprived of the use and occupation thereof, by reason of the injunction, from the twenty-seventh day of January, 1887, to the twenty-seventh day of December, 1887, and that at the time he was enjoined he was engaged in farming said lands; that the condition of the undertaking was broken by the dissolution of the injunction; and that the plaintiff was damaged and injured in the sum of $272.50 solely by reason of the issuance of the injunction. Mr. High, in the third edition of his work on Injunctions, section 1673, lays down the following, which we regard as the correct rule of damages in cases of this character: "In determining the amount of damages to be allowed upon the dissolution of an injunction restraining one from exercising acts of ownership over his real property, the courts are not governed by arbitrary rules, but proceed upon equitable principles, the defendant being entitled to such damages as are the necessary and proximate result of such deprivation. And the loss of timber, wood, and sand, which have been taken away from the premises pending the injunction, and while the owner was deprived of the right to protect his land from invasion, may be included in the assessment of damages. So the loss of the use and rental of the premises during the time the defendant was enjoined is a proper element of damages to be recovered in an action upon the bond. So, too, damages for the crops which the defendant was prevented, by the injunction, from harvesting may properly be allowed, as well as waste committed upon the premises while defendants were deprived of their possession by the injunction. And in such cases the rule of damages is not limited to what the land was worth to plaintiff in the injunction suit, but the damages actually sustained by defendants by being kept out of possession

will be allowed; and evidence showing that defendants lost their crops for the entire season by reason of being deprived of the land is admissible."

In *Edwards* v. *Edwards*, 31 Ill. 474, it was held that "where an injunction restraining a party from taking possession of a farm was issued in the spring, and dissolved in September following, the court, in the action on the injunction bond, held that the measure of the plaintiff's damages was not merely the value of the use of the land during the continuance of the injunction, but the whole damage occasioned by his being kept out of the possession, including the consequent loss of crop."

To the same effect is *Richardson* v. *Allen,* 74 Ga. 719.

Applying the rule furnished by these authorities to the case before us, our conclusion is, that the plaintiff herein is entitled to damages for all loss and injury naturally and fairly traceable to the wrongful issuance of the injunction.

We therefore recommend that the judgment and order be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.