[No. 19200.   Department Two.—January 31, 1894.]

SAN DIEGO WATER COMPANY, APPELLANT, *v.* PACIFIC COAST STEAMSHIP COMPANY ET AL., RESPONDENTS.

INJUNCTION—DURATION OF RESTRAINING ORDER.—A restraining order pending an order to show cause why an injunction should not be issued, and until the further order of the court, is only authorized to be made pending the motion for an injunction, and where there is no appearance at the time when the order to show cause was returnable, and the motion for an injunction was not completed nor kept alive in any mode, the restraining order falls, and ends naturally with the motion.

ID.—CONSTRUCTION OF RESTRAINING ORDER.—The phrase in the restraining order, "and until the further order of this court," cannot have the effect to prolong the restraining order beyond the pendency of the motion for an injunction, so as to convert the order into a preliminary injunction.

ID.—INJUNCTION BOND—DAMAGES—COUNSEL FEES.—Where no effort was made to dissolve a preliminary injunction except that the case was tried on its merits, and a dissolution of the injunction was made by the final judgment, and the attorneys were simply employed to try the case, and were paid for that purpose and no other, counsel fees cannot be recovered as damages upon the injunction bond.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Works & Works*, for Appellant.

Attorneys' fees incurred in defending a suit in which a temporary injunction has issued, and in which the

issuance of a perpetual injunction is the only relief sought, are recoverable in a suit upon the undertaking on injunction. (*Raupman* v. *The City of Evansville*, 44 Ind. 392; *Beeson* v. *Beeson*, 59 Ind. 97; *Swan* v. *Timmons*, 81 Ind. 243; *Reece* v. *Northway*, 58 Iowa, 187; *Ford* v. *Loomis*, 62 Iowa, 586; *Thomas* v. *McDaneld*, 77 Iowa, 299; *Lansley* v. *Nietert*, 78 Iowa, 758; *Brownlee* v. *Fenwick*, 103 Mo. 420; *State* v. *Medford*, 34 W. Va. 633.)

*Luce & McDonald*, for Respondents.

No recovery can be had in this action because the services of counsel sued for were rendered, not in obtaining a discharge of the restraining order, but in the trial of the action. (*Noble* v. *Arnold*, 23 Ohio St. 264; *Riddle* v. *Cheadle*, 25 Ohio St. 278; *Disbrow* v. *Garcia*, 52 N. Y. 654; *Newton* v. *Russell*, 87 N. Y. 527; *Moriarty* v. *Galt*, 125 Ill. 417; *Lamb* v. *Shaw*, 43 Minn. 507; *Thurston* v. *Haskell*, 81 Me. 303; *Bustamente* v. *Stewart*, 55 Cal. 115; *Porter* v. *Hopkins*, 63 Cal. 53; *Mitchell* v. *Hawley*, 79 Cal. 301; *Lo. ibert* v. *Haskell*, 80 Cal. 624.)

TEMPLE, C.—This is an action upon an undertaking alleged to have been given in consideration of an injunction in an action by the steamship company against the plaintiff, and upon which the individual defendants were sureties.

It is denied that any injunction was ever issued in the suit alluded to, and the finding of the court sustains the denial.

It appears, however, in the statement that an action was brought to obtain an injunction, and that before the complaint was filed the plaintiff obtained an order to show cause why an injunction *pendente lite* should not be issued. This order contained no restraining clause, but did require the plaintiff to give a bond to the defendant in the sum of five hundred dollars.

In pursuance of this order the undertaking sued on was given, and recites that the plaintiff is about to com-

mence an action and to apply for an injunction "as in the complaint filed in the said action is more particularly set forth and described."

The order was made November 10th, and the undertaking approved on the same day. The next day another order to show cause was made, returnable at the same time that the first order was made returnable. This order contained a clause restraining the defendant, "pending this order to show cause and until the further order of this court." There was no appearance by either party at the time the order to show cause was returnable, nor was the motion for an injunction continued or kept alive in any mode. The restraining order, therefore, which is only authorized to be made pending the motion, fell with the motion. (Code Civ. Proc., sec. 530; *Hicks* v. *Michael*, 15 Cal. 107.)

In the last case Judge Field says that an order dissolving such a restraining order is not necessary. It ends naturally with the motion.

To that effect also is the reasoning in *Webber* v. *Wilcox*, 45 Cal. 302, and *Lambert* v. *Haskell*, 80 Cal. 611, although this precise question was not involved in these cases.

If the phrase "and until the further order of this court" could have the effect to prolong the restraining order beyond the pendency of the motion for an injunction, then it would convert the order into a preliminary injunction, which could not be operative until a bond was given. But this order required no bond, and by making the order to show cause the court adjudged that a preliminary injunction should not be made until the defendant had been heard.

The restraining order is a restraint of the same nature as an injunction, but the statute not only does not designate it as an injunction but discriminates between it and an injunction. It is a restraint pending the consideration of the court as to whether the party is entitled to a preliminary injunction. The statute does not expressly require an undertaking as a condition for a restraining order, although this court has said one ought to be re-

quired.   Such undertaking is expressly required as a condition for a preliminary injunction which does not become operative until the bond is given.

But in this case there is no specific denial to the allegation in the complaint that the undertaking was given to secure the issuance of the injunction.   It may be doubted, therefore, whether the questions above suggested can be raised.   I proceed, therefore, to the main question discussed by counsel; which is, whether, conceding that a preliminary injunction was issued and the undertaking sued on was given in consideration of the injunction, plaintiff can recover his attorney's fees.

It is admitted that no effort was ever made to dissolve the injunction except that the case was tried on its merits, and the court having found against the right of the plaintiff in the injunction suit, dissolved the preliminary injunction.   Counsel were simply employed to try the case, and were paid for that service and for no other.   The cost was no greater than it would have been had no preliminary injunction been issued.

Appellant's counsel concedes that ordinarily such damages cannot be recovered under such circumstances, but he contends that the rule is different where, as here, injunction is the only relief sought in the action and where it appears that the same questions would arise on a motion to dissolve which are determined by the final judgment.   He cites many very respectable authorities which seem to sustain his contention, and it is furthermore indorsed by High in his work on Injunctions, section 1686.   High seems to think the weight of the authorities are to the effect that, if the counsel fees were necessarily incurred in procuring the removal of the illegal restraint, they may be recovered, although the dissolution of the injunction was by the final judgment.

In *Buford* v. *Packet Co.*, 3 Mo. App. 159, it is said: "The principle upon which counsel fees are allowed upon dissolution of an injunction does not rest upon a supposed increase of trial expenses créated by the

injunction. It is based upon the fact that defendant has been compelled to employ aid in getting rid of an unjust restriction forced upon him by the act of the plaintiff."

If the sureties could be held responsible without reference to the terms of their contract for a conspiracy to aid the plaintiff in the imposition of an illegal restraint upon the defendant, there would be some show of reason in such a rule, but if the sureties are to be held only on their contract, the admission that the expenditures were not caused by the injunction is fatal to the argument.

The sureties did not agree to pay the expense of getting rid of the restraint. Ordinarily such expense would be caused by the injunction; but it is not always so, and is not when a preliminary injunction is ended by a final judgment for defendant. Here the expenditure was caused by the suit and not by the injunction. The sureties are liable for expenditures caused by the injunction and not for those caused by the suit.

This whole matter was elaborately discussed in *Thurston* v. *Haskell*, 81 Me. 303, which was a case in all respects like the present. It was there held that counsel fees could not be recovered in such a case.

But it is not true that in any sense the counsel fees were expended to get rid of the restraint imposed by the preliminary injunction. The fee was, of course paid to prevent the permanent injunction. But in such case the defendant has not been relieved of the restraint imposed by the preliminary injunction. It was a restraint, in terms, during the pendency of the suit only. It continued unchanged during the whole of that period. Its purpose was to hold the defendant until the rights of the plaintiff could be determined. It did so, and then ceased by original limitation. The attorneys were not employed to get rid of it, and never attempted to do so. The defendant acquiesced, and submitted to all the restraint it assumed to impose.

It is true we sometimes speak of making the prelimi-

nary injunction perpetual.   But while the injunction by the judgment may be the same in scope and effect, it is a restraint imposed by a new and distinct command. It is a new injunction which may be and often is different in its effect and terms.

This was determined in *Lambert* v. *Haskell*, 80 Cal. 611.   But I think the question was practically decided by this court in *Mitchell* v. *Hawley*, 79 Cal. 301.   Counsel distinguishes that case from the one in hand, on the ground that there injunction was not the sole relief sought. If .the foregoing reasoning be correct that is not a circumstance of any importance.   But that case was upon a bond given in an action brought to enjoin the defendant from violating an alleged patent right claimed by the plaintiff, and to recover damage for infringing the right.   The issue was as to the validity of the claim. Upon that depended the right to the injunction and to the damage.   Nothing else was tried.   The claim having been adjudged invalid the bill was dismissed and the injuction fell with the claim.   The issue would have been the same on a motion to dissolve.   This court refused to allow counsel fees, and remarked that the allowance of counsel fees on injunction bonds is exceptional, "and should not be carried beyond the point to which former decisions have taken it."   Former decisions have carried the doctrine to the extent that reasonable counsel fees paid for the sole purpose of procuring a dissolution of an injunction may be recovered.   Unless this rule is to be extended the contention of appellant on this point cannot be sustained.

If this position be correct it is not necessary to consider other points raised.

I recommend that the judgment and order be affirmed.

Belcher, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFarland, J., De Haven, J., Fitzgerald, J.