[Civ. No. 9493. First Appellate District, Division Two.—March 14, 1935.]

L. B. ROBINSON, Respondent, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

G. MOREN, Respondent, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

The facts are stated in the opinion of the court.

Sullivan, Roche, Johnson & Barry for Appellant.

Peter tum Suden and Richard tum Suden for Respondents.

SPENCE, J.—The above-entitled actions were brought to recover upon two undertakings which were furnished in an action for injunctive relief entitled *London* v. *Robinson and Moren.* One of the undertakings in the sum of $1,000 was furnished upon the granting of a restraining order and the other undertaking in the sum of $3,000 was furnished upon the granting of a preliminary injunction. In said action for injunctive relief, a permanent injunction was thereafter granted but the decision was reversed on appeal. (*London* v. *Robinson et al.,* 94 Cal. App. 774 [271 Pac. 921].) Upon a second trial of that action, a nonsuit was granted and that decision was affirmed on appeal. (*London* v. *Robinson et al.,* 122 Cal. App. 232 [9 Pac. (2d) 880].) The owner of the premises, L. B. Robinson, and the contractor, G. Moren, then filed separate actions seeking to recover damages against the surety on the two undertakings. Said actions were consolidated for the purpose of trial and the cause was tried before the court sitting without a jury. On December 14, 1933, a judgment was entered in favor of plaintiffs upon findings of fact and conclusions of law theretofore filed. Upon motion for a new trial, said motion was denied, but the trial court filed "Findings of Fact and Conclusions of Law as amended on Motion for New Trial" and entered a modified judgment on March 6, 1934, based upon said amended findings. By said last-mentioned judgment plaintiff, G. Moren, recovered the sum of $653.13 upon the undertaking in the sum of $1,000, and plaintiffs G. Moren and L. B. Robinson jointly recovered a judgment for the full amount upon the undertaking in the sum of $3,000. Defendant has appealed from the judgment entered on December 14, 1933, and also from the judgment entered on March 6, 1934.

One of the points urged on this appeal is that the trial court erred upon the motion for new trial in filing

amended findings and entering a modified judgment without first vacating the judgment entered on December 14, 1933. We are of the opinion, however, that when the trial court filed its amended findings and modified judgment upon denying the motion for new trial, it acted in accordance with the provisions of section 662 of the Code of Civil Procedure and that the modified judgment superseded the judgment of December 14, 1933. The appeal from said judgment of December 14, 1933, should therefore be dismissed.

The injunction suit was commenced on August 13, 1925, and a restraining order was issued at that time restraining Robinson and Moren from constructing an apartment house on Robinson's property. The undertaking given to obtain said restraining order provided for the payment of the damages not exceeding $1,000 sustained ''by reason of the restraining order if the said Superior Court finally decides that the said plaintiff was not entitled thereto''. Said restraining order was in effect until the issuance of the preliminary injunction on September 21, 1925. The undertaking given to obtain the issuance of the preliminary injunction provided for the payment of damages not exceeding $3,000 sustained ''by reason of said injunction, if the court finally decide that the plaintiff was not entitled thereto''. At the time of the commencement of the injunction suit, all preparations had been made for the construction of an apartment house on the premises and work had been started. That litigation was finally concluded seven years later upon the affirmance of a nonsuit granted in favor of the defendants upon the second trial. (*London* v. *Robinson et al., supra.*) In the present actions, plaintiffs alleged that it was ''finally adjudged'' in the injunction suit that the plaintiff therein was not entitled to the temporary restraining order or the preliminary injunction. Plaintiffs herein further alleged damages consisting of necessary counsel fees expended, loss of use and occupation of the premises, loss of expenditures for permits, materials, supplies and labor, and loss of profits to the contractor under his contract for the construction. These alleged items of damage far exceeded the amount of the undertakings. In the modified judgment, the trial court allowed no recovery for counsel fees expended by

either plaintiff nor for any alleged damage of the plaintiff Robinson on the undertaking given upon the issuance of the restraining order. The judgment upon said undertaking was limited to the items of damage other than counsel fees found to have been suffered by plaintiff Moren by reason of said restraining order. Recovery was allowed to both plaintiffs jointly in the full sum of $3,000 upon the undertaking given upon the issuance of the preliminary injunction. The trial court found plaintiffs' damages, including counsel fees, exceeded said sum of $3,000, but the items of damage other than counsel fees were sufficient to make up the amount awarded which was the amount specified in the undertaking.

Appellant's contentions appear to be that neither of the respondents was entitled to recover upon either of the undertakings and that even assuming that respondents were entitled to recover, they were not entitled to the items of damage awarded. In support of these contentions appellant cites numerous cases, many of which deal solely with the question of the recovery of counsel fees as an item of damage. (*San Diego Water Co.* v. *Pacific Coast Steamship Co.,* 101 Cal. 216 [35 Pac. 651]; *Curtiss* v. *Bachman,* 110 Cal. 433 [420 Pac. 910, 52 Am. St. Rep. 111]; *Lambert* v. *Haskell,* 80 Cal. 611 [22 Pac. 327]; *Mitchell* v. *Hawley,* 79 Cal. 301 [21 Pac. 833]; *Bustamente* v. *Stewart,* 55 Cal. 115; *Webber* v. *Wilcox,* 45 Cal. 301; *Warden* v. *Choate,* 33 Cal. App. 354 [165 Pac. 36].) From what has been said above, it appears that even if the counsel fees are eliminated from consideration, the other items of damage found by the trial court were sufficient to sustain the judgment and we need not therefore discuss what counsel fees, if any, might properly have been awarded as part of the damage sustained by reason of the issuance of the restraining order and the preliminary injunction.

Appellant's main contention is that both the pleadings and the evidence were insufficient to justify any recovery whatever by respondents. Appellant therefore contends that its motion for judgment on the pleadings should have been granted. We find no merit in these contentions. They are based upon the theory that in the injunction suit the court did not "finally decide" that the plaintiff was not entitled to the restraining order and the preliminary

injunction. In other words, appellant takes the position that regardless of the fact that in the action brought solely to obtain injunctive relief the court finally decided that the plaintiff was not entitled to a permanent injunction, there was no liability on the undertakings unless the court decided, on a motion such as one to dissolve the restraining order or temporary injunction, that the plaintiff was not entitled to the restraining order or the preliminary injunction. We believe appellant seeks to place too narrow a construction upon the wording of the undertakings. When it was finally decided that the plaintiff in the injunction suit was not entitled to a permanent injunction, it was in effect an adjudication that said plaintiff was not entitled to any injunctive relief. It therefore constituted an adjudication upon a full hearing upon the merits that the plaintiff was not entitled to place the defendants under restraint at any time by either a restraining order or a preliminary injunction. We therefore conclude that the pleadings and proof were sufficient when they showed that it was finally decided that the permanent injunction should be denied.

Appellant also contends that the damages allowed were remote and speculative. We believe this contention to be likewise without merit. While the damages caused by the issuance of a restraining order or preliminary injunction are often difficult to measure accurately, it has been said that ''The allowance of such damage is controlled by equitable principles and should furnish just and reasonable compensation for the loss sustained.'' (*Moore* v. *Maryland Casualty Co.*, 100 Cal. App. 658, 663 [280 Pac. 1008].) In *Rice* v. *Cook*, 92 Cal. 144, the court on page 149 [28 Pac. 219] quoted from High on Injunctions (3d ed.), section 1673, where it is said that in such cases '' . . . the courts are not governed by arbitrary rules, but proceed upon equitable principles, the defendant being entitled to such damages as are the necessary and proximate result of such deprivation.'' (See, also, *Draffen* v. *United States F. & G. Co.*, 217 Cal. 43, 46 [17 Pac. (2d) 121].) A review of the evidence here leads us to the conclusion that the trial court did not award any damages which were remote or speculative, but merely gave ''just and reasonable compensation for the loss sustained''. It may be stated that it is

not claimed that the damages awarded were unreasonable or excessive.

The appeal from the judgment entered on December 14, 1933, is dismissed. The judgment entered on March 6, 1934, is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1935.