[Civ. No. 12417.   First Dist., Div. One.   Sept. 27, 1943.]

LLOYD A. MASON, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Appellant.

Stern & Grupp for Appellant.

H. C. George for Respondent.

PETERS, P. J.—Mason, respondent herein, as beneficiary of a deed of trust, and Milburn as trustee thereof, acting pur-

suant to the provisions of the deed of trust, properly noticed a sale of the property covered thereby for May 17, 1940, at 9:30 a. m. One Knowles, on May 16, 1940, in order to stop that sale, secured, ex parte, from a judge in Stanislaus County an order to show cause and a temporary restraining order. This order required Mason and the other named defendants to show cause on June 3, 1940, in the Superior Court of Mariposa County why an injunction restraining the sale should not be issued, and in the meantime "pending a decision upon said order to show cause" the sale of the property was temporarily restrained. As a condition of granting this restraining order the judge required that Knowles furnish an undertaking in the sum of $1,000. The bond was furnished by appellant herein. Before 9:30 a. m. on May 17, 1940, Knowles filed an action in Mariposa County to restrain the sale and to cancel the deed of trust, and caused the order to show cause and the temporary restraining order to be served on Mason and Milburn shortly before the time set for the sale. Those parties immediately postponed the sale. On May 30, 1940, fourteen days after the issuance of the order to show cause, Mason and Milburn filed responses to the order to show cause, and also filed demurrers to the complaint, motions to strike, and motions to dissolve the temporary restraining order. The motions were noticed to be heard on June 3, 1940, the same date as the order to show cause was made returnable, which date was eighteen days after the order to show cause was issued. On June 3, 1940, the motions and demurrer were argued before Judge Schottky. That judge granted the motions to dissolve the restraining order, denied Knowles' application for a preliminary injunction, and sustained the demurrers to the complaint. The complaint was never amended, and Mason and the others named as defendants in the Knowles' complaint were given judgment by default, which judgment has long since become final.

After the restraining order had been dissolved Mason paid his attorney $350, the bill for this amount specifically reciting it was for "services rendered in procuring dissolution of restraining order." Milburn paid his attorney $150 for the same purpose. The payment made by Milburn was in fact paid by Mason, and Milburn assigned his claim for reimbursement against appellant bonding company to Mason. Mason thereupon instituted this action against the bonding company to recover the $500 thus expended to secure the dissolution of the restraining order. This action was tried

before the same judge who had granted the order dissolving the restraining order. The trial court found that Mason and Milburn were "necessarily compelled" to retain attorneys to secure a dissolution of the restraining order, and that the sums paid were "the reasonable value of the services" rendered. It accordingly entered judgment for Mason for $500, from which judgment the bonding company appeals.

The main contention of appellant is that the temporary restraining order was absolutely void because it provided it was to remain in effect for eighteen days, whereas section 527 of the Code of Civil Procedure provides that such ex parte order can be effective for but ten days. That section provides for the issuance of an ex parte restraining order in certain circumstances, but provides that in such event "the matter shall be made returnable on an order requiring cause to be shown why the injunction should not be granted, on the earliest day that the business of the court will admit of, but not later than ten days from the date of such order." Because the specified effective period of this temporary restraining order did exceed the ten-day period it is urged that it was obviously void, that Mason and Milburn were not compelled to abide by its terms, and were not reasonably required to retain attorneys to secure its dissolution. It is also pointed out that the motions to dissolve were not made until fourteen days after the issuance of the order. It is the thought of appellant that, at least after May 26th, Mason and Milburn should have disregarded the restraining order and should not have incurred attorneys' fees in attacking that which it contends was already a nullity. This is a strange argument to be advanced by a defendant who, by issuing the bond, made the issuance of the allegedly void restraining order possible. If this theory were sound it would require each person served with a restraining order to make a quasi judicial determination as to the validity of the order. If it were void he would have to ignore it and could recover attorney's fees expended in securing its dissolution only if it were not void. There is no logical or legal reason why such a burden should be placed on the innocent person served with the restraining order. (See *Robertson* v. *Smith*, 129 Ind. 422 [28 N.E. 857, 15 L.R.A. 273]; *Littleton* v. *Burgess*, 16 Wyo. 58 [91 P. 832, 16 L.R.A.N.S. 49].) While it is

true that the restraining order violated the time limitations of section 527, *supra,* it is at least debatable as to whether or not it was valid for at least ten days, a thought that was expressed by Knowles' counsel when he noticed the discrepancy. Moreover, Mason and Milburn were in the position of having been served with a formal order of the superior court restraining the sale for eighteen days and thereafter until the order to show cause was determined. Even if they believed the order was void they were faced with the possibility of contempt proceedings if they violated it. Counsel for Knowles and the trial judge that issued the order had already made one mistake and there was no assurance it would not be repeated. Orderly procedure suggests that where the party served believes the order is invalid he should take the proper steps to have it dissolved rather than resort to self help. A party should not be penalized because he resorts to orderly legal procedure rather than deciding for himself whether or not to abide by a formal court order. Even if the restraining order was completely void (a point we do not decide) it cannot be held, as a matter of law, that Mason and Milburn did not act reasonably in proceeding to secure its dissolution by formal motions to dissolve.

Had Knowles personally put up the undertaking here involved and were he now being sued on such undertaking, the law is clear that he, having secured the order, would be estopped to challenge its validity. (See cases collected 4 Cal.Jur. p. 362, § 8; 32 C.J. p. 453, § 783; 28 Am.Jur. p. 525, § 352.) There is no sound reason why a similar rule should not apply against a corporate bondsman. The evidence shows that upon application of Knowles' counsel the appellant issued its bond before the papers that were to be submitted to the judge of Stanislaus County had even been prepared. It knew that the purpose of the bond was to secure the defendants named in the restraining order from damage in the event the order was improperly secured. It knew that the securing of such an undertaking was a condition precedent to securing the restraining order. If its counsel had examined the moving papers before issuing the undertaking perhaps the error would not have occurred. It elected to issue the bond without such examination, and the bond was used for the very purpose for which it was issued. Under such circumstances, the appellant is in no legal position to now

contend that respondent and Milburn acted unreasonably in moving to dissolve the order.

■ Appellant next urges that, inasmuch as Mason and Milburn had the hearing on the motion to dissolve set for June 3d, the same day the order to show cause was returnable, the motion to dissolve was a useless and unnecessary act, because, so it is urged, at that precise point of time the restraining order fell of its own weight, whatever the court should decide on the hearing of the order to show cause. It is urged that if, on the hearing of June 3d, the temporary injunction had been granted, the temporary restraining order would have been supplanted, and that when it was denied, there was no ground to continue the restraining order. Therefore, so it is urged, the motion to dissolve was a totally unnecessary act. There is an obvious fallacy in the basic premise upon which this conclusion is predicated. The restraining order here involved was not one that automatically terminated on June 3d. It provided for its continuance until June 3d and until there was "a decision upon said order to show cause." There was no assurance to Mason and Milburn that the trial court would decide the order to show cause on the return day. The trial judge might have required briefs and might have taken ninety days from the date of the submission of the matter to decide that controversy. Admittedly, the issues involved were serious ones, and were argued a full day. For these reasons it is obvious that it was reasonably necessary for Mason and Milburn in order to protect their rights to move for a dissolution. There is nothing in *Warden* v. *Choate*, 33 Cal.App. 354 [165 P. 36], relied upon by appellant, contrary to the views herein expressed. In that case no motion to dissolve the restraining order was ever made. The party restrained simply resisted the order to show cause, and on the return date his demurrer was sustained. Of course the restraining order then fell of its own weight at the expiration of the time fixed in the order.

■ The appellant next contends that there was no consideration for the bond, and for that reason urges it cannot be held liable thereunder. The bond recites that "Whereas, the plaintiff desires to give an undertaking for Restraining Order as provided by Section 527 of the Code of Civil Procedure. . . ." Appellant urges that since no restraining order as provided by that section was ever issued, because of the erroneous time limit fixed therein, no liability can

attach to it. The argument is unsound. The issuance of a proper restraining order was not the consideration for the issuance of the bond. The bonding company did not bargain to issue a bond in consideration of Knowles securing a proper restraining order under section 527. It issued the bond for a premium, which was apparently paid. Whatever rights it may have against Knowles because he secured an improper order are not involved in this case. For reasons already stated, the bonding company cannot urge such defenses against Mason and Milburn.

In its closing brief appellant urges, for the first time, that it obligated itself on a restraining order for ten days' duration, and that when the court issued one for eighteen days it materially altered its obligation without its consent. It urges that this ''material alteration'' discharged it from all obligations on its bond. It cites several cases for the well settled proposition that a surety is discharged by a change in its obligation not consented to by the surety. This is merely another way of restating the consideration point above considered. The obligation of the bond was not changed. The obligation was to pay damages suffered by those restrained if the restraining order was improperly issued. That is the obligation sued upon.

The next contention of appellant is that there is no substantial evidence to support the finding that the two fees totaling $500 were charged solely to secure the dissolution of the restraining order. Appellant points out that the motion to dissolve was heard together with the order to show cause and the demurrers to the complaint, and contends that, under the evidence, the services actually were in connection with the order to show cause and the demurrers and not in connection with the motion to dissolve. It is, of course, the law that the amount recoverable on account of attorney's fees on such a bond is limited to fees paid for procuring the dissolution of the restraining order, and does not extend to fees paid for defending the case on its merits. (*Soule* v. *United States F. & G. Co.*, 82 Cal.App. 572 [255 P. 886] ; see, also, *San Diego W. Co.* v. *Pacific Coast Steamship Co.*, 101 Cal. 216 [35 P. 651] ; *Curtiss* v. *Bachman*, 110 Cal. 433 [42 P. 910, 52 Am.St.Rep. 111] ; *Warden* v. *Choate*, 33 Cal.App. 354 [165 P. 36].) But the respondent here is clearly entitled, up to the limits of the bond, to recover

all fees reasonably paid to secure a dissolution of the order, even though other matters were also heard at the same time. (*Moore* v. *Maryland Casualty Co.,* 100 Cal.App. 658 [280 P. 1008]; *Handy* v. *Samaha,* 117 Cal.App. 286 [3 P.2d 602].) The question was one of fact. The trial court has found that $500 was charged to secure the dissolution of the restraining order and that such fee was reasonable. The sole question is whether there is any substantial evidence to support that finding. In this connection it should be kept in mind that the judge who tried this cause was the same judge who presided at the hearing of June 3, 1940. The trial judge knew how much of the argument that day was devoted to the point relating to the dissolution of the restraining order and how much was devoted to other matters. As a lawyer he was able to evaluate the worth of those services. ▆ It is well settled that when a judge is informed of the extent and nature of legal services, he can determine what is a reasonable fee from his own knowledge and experience without the necessity of other evidence. (See cases collected 3 Cal.Jur. p. 714, § 111.)

It is of course true that the attorneys for Mason and Milburn in preparing for the hearing of the motion to dissolve did much work that could also be used on the argument on the order to show cause and on their demurrers. ▆ Aside from the point that the restraining order exceeded the time limit fixed by section 527 of the Code of Civil Procedure, the same arguments that would defeat the application for the temporary injunction would show that the restraining order should be dissolved. The three matters were inextricably interwoven. But this fact does not relieve the appellant from all responsibility for attorneys' fees. The attorney for Mason and the attorney for Milburn explained at length what they did in preparation for the hearing of June 3d. This included matters that were used on all three arguments. They then testified that they submitted bills totaling $500 for securing the dissolution of the restraining order, and submitted bills totaling $225 for other services rendered in the action. Under such circumstances we cannot say, as a matter of law, that the charges totaling $500 were not made to secure the dissolution of the order, or were excessive.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.