Filed 5/30/14  Menis v. NDEx West CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KENNETH MENIS et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>NDEX WEST, LLC et al.,<br><br>Defendants and Appellants. | F065025<br><br>(Super. Ct. No. S-1500-CV-27517)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Barrett Daffin Frappier Treder & Weiss, Edward A. Treder and Darlene P. Hernandez; Anglin Flewelling Rasmussen Campbell & Trytten, Robert Collings Little, Robert A. Bailey, and Robin C. Campbell for Defendants and Appellants.

Law Offices of Michael D. Finley, Michael D. Finley for Plaintiffs and Respondents.

National Housing Law Project, Kent Qian and Brittany McCormick; Housing and Economic Rights Advocates, Elizabeth Letcher for California Homeowner Bill of Rights Collaborative and Housing and Economic Rights Advocates as Amici Curiae on behalf of Plaintiffs and Respondents.

-ooOoo-

Defendants appeal from orders granting preliminary injunctions against them, but failing to require plaintiffs to post a bond as required by statute. We conclude the orders are invalid due to the lack of a bond requirement, and one is also invalid due to the failure of the order to specify what conduct is enjoined. Accordingly, we reverse.

### FACTS AND PROCEDURAL HISTORY

Plaintiffs sued defendants, NDEx West, LLC, Wells Fargo Bank, Wachovia Mortgage, a division of Wells Fargo Bank, and four individuals, alleging 10 causes of action arising out of defendants' attempt to conduct a nonjudicial foreclosure sale of plaintiffs' residence. The same day they filed their complaint, plaintiffs presented an ex parte application for a temporary restraining order (TRO) and an order to show cause (OSC) re preliminary injunction against NDEx West only, seeking to enjoin it from conducting the trustee's sale. The trial court granted the TRO, restraining NDEx West from proceeding with the trustee's sale of plaintiffs' property, pending further hearing, and setting the matter for an OSC hearing. Wells Fargo[1] filed a response opposing issuance of a preliminary injunction; NDEx did not file any opposition.

The matter was heard on March 2, 2012, with plaintiffs and Wells Fargo appearing at the hearing. On that date, the trial court entered a minute order granting the request for a preliminary injunction against NDEx West and enjoining it from proceeding with the foreclosure sale. The minute order did not mention a bond or undertaking. The trial court took the matter under submission as to the remaining defendants. On March 5, 2012, the trial court issued a minute order granting a preliminary injunction as to all remaining parties. The order stated: "No bond is necessary; the property is sufficient security." (Capitalization omitted.) On March 8, 2012, the trial court entered a formal order, signed by the judge, enjoining NDEx West from proceeding with the trustee's sale

---

[1]References to Wells Fargo in this opinion include Wachovia Mortgage.

2.

of plaintiffs' property, which was then set for March 12, 2012.  The formal order did not mention Wells Fargo or the individual defendants; it did not require plaintiffs to post a bond or undertaking.[2]

Wells Fargo and NDEx West appeal from the three orders granting plaintiffs' request for a preliminary injunction.  They contend the order against Wells Fargo is void because it fails to describe what activities are enjoined, all three orders are void because they failed to require a bond or undertaking as mandated by statute, and, even if the trial court had discretion to issue a preliminary injunction without a bond or undertaking, it abused its discretion by doing so because there was no evidence in the record to support a finding that the real property in issue was sufficient security to dispense with a bond.

Plaintiffs contend NDEx West waived its objections to the preliminary injunction by failing to file opposition to plaintiffs' request, both NDEx West and Wells Fargo waived any objection to the lack of a bond or undertaking by failing to file a motion to object to the amount of the bond pursuant to Code of Civil Procedure § 995.930, defendants failed to demonstrate the amount of bond or undertaking needed to protect them, and the trial court may have declined to require a bond or undertaking because it properly determined plaintiffs were indigent.  The amici curiae brief in support of plaintiffs' position argues the trial court properly denied a bond because defendants failed to demonstrate they would be harmed by the preliminary injunction, their security interest in the property was sufficient to protect them from harm, and the trial court had inherent discretion to waive the bond requirement.[3]

---

[2]All further references to the term "bond" include both bonds and undertakings. (See § 995.140, subd. (a)(2).)

[3]We permitted the California Homeowner Bill of Rights Collaborative and the Housing and Economic Rights Advocates to file an amici curiae brief.

## *DISCUSSION*

### I.   *Standard of review*

Generally, the trial court's decision to issue a preliminary injunction is reviewed for abuse of discretion.  (*In re Pham* (2011) 195 Cal.App.4th 681, 685.)  Questions underlying the preliminary injunction, however, are reviewed under the standard appropriate to the particular question.  (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1136.)  Findings of fact are reviewed for substantial evidence; the interpretation and application of statutory or constitutional law are reviewed de novo.  (*Ibid*.; *Pham, supra*, at p. 685.)

### II.   *Failure to specify what conduct is enjoined*

The only order entered against Wells Fargo was the March 5, 2012, minute order, which states:  "The court finds as follows:  [¶]  Preliminary injunction is granted as to all remaining parties.  No bond is necessary; the property is sufficient security."  (Capitalization omitted.)  The order does not describe any conduct of Wells Fargo or the other remaining defendants that is enjoined.

"The party bound by an injunction must be able to determine from its terms what he may and may not do .…"  (*Brunton v. Superior Court* (1942) 20 Cal.2d 202, 205.)  "A directive 'in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'  [Citation.]"  (*In re Berry* (1968) 68 Cal.2d 137, 156 (*Berry*).)  "An injunction must be definite enough to provide a standard of conduct for those whose activities are proscribed, as well as a standard for the ascertainment of violations of the injunctive order by the courts called upon to apply it."  (*Pitchess v. Superior Court* (1969) 2 Cal.App.3d 644, 651 (*Pitchess*).)  "[I]n determining whether a defendant has been given sufficient notice of the conduct proscribed, the language of the injunction must be interpreted in light of the record which discloses the kind of conduct that was sought to

4.

be enjoined." (*Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 534 (*Continental Baking*).)

*Continental Baking* involved a dispute over the scope of an easement for ingress and egress over the defendant's property. (*Continental Baking, supra*, 68 Cal.2d at pp. 518-520.) The plaintiff contended it was permitted to use the easement to reach its loading area and the defendant contended the easement only permitted entry to another area. (*Id*. at p. 517.) A preliminary injunction was entered, restraining the defendant from erecting any structure on, obstructing, or interfering with the plaintiff's use of the easement. (*Id*. at pp. 533-534.) The defendant appealed.

The defendant contended the preliminary injunction was void for uncertainty and overbreadth. The deed that granted the easement specifically gave the defendant the right to build a structure over the easement, supported on posts and walls, and the injunction seemed to conflict with that right. Construing the injunction in light of the record, the court concluded: "The order of the trial court in this case was clearly intended to preserve the status quo pending a trial on the merits. In the light of the record we must conclude that [the defendant] has been given proper notice as to what conduct has been enjoined; he must not obstruct ingress and egress from the driveway to [the defendant's] concrete loading area. When viewed in this light the injunction is neither uncertain nor overbroad." (*Continental Baking, supra,* 68 Cal.2d at p. 534.)

In *Continental Baking*, the court interpreted the language of the order defining the prohibited conduct in light of other documents in the record indicating what relief was requested. Here, in contrast, the March 5, 2012, minute order contained no language at all defining the proscribed conduct, so there was no ambiguous language to interpret in light of plaintiffs' request for relief. Further, the OSC did not request an injunction against Wells Fargo, so there is nothing in the request to provide guidance regarding what conduct of Wells Fargo the trial court intended to restrain.

Plaintiffs contend the March 5, 2012, order merely extended the March 2, 2012, order to the other defendants, "so that there is perfect clarity as to the specific activity that is enjoined, stayed, or prohibited." The March 5 order, however, made no reference to the March 2 order; it named the defendants other than NDEx West and stated that the "[p]reliminary injunction is granted as to all remaining parties." (Capitalization omitted.) The conduct of Wells Fargo and the other defendants that is restrained is not described in the order or in any application for a preliminary injunction. The nature of the conduct enjoined is not clear enough to permit enforcement.

"An injunction which forbids an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application exceeds the power of the court." (*Pitchess, supra*, 2 Cal.App.3d at p. 651.) An order made in excess of jurisdiction is void and cannot be enforced by contempt. (*Berry, supra*, 68 Cal.2d at pp. 148-149; accord, *People v. Gonzalez* (1996) 12 Cal.4th 804, 816-819.) Because the order directed to "all remaining parties" (capitalization omitted), including Wells Fargo, does not specify what conduct they are enjoined from engaging in, the order is in excess of the court's jurisdiction, void, and unenforceable.

### III. *Waiver of objections to preliminary injunction*

Plaintiffs assert that NDEx West waived any objection to the preliminary injunction by failing to file opposition or appear at the OSC hearing to oppose plaintiff's request. They further assert that Wells Fargo is an "interloper," who had no right to appear in this proceeding because plaintiffs' request for a preliminary injunction was not directed to it. They cite no authority and present no legal discussion in support of these arguments. When a party fails to cite authority or fails to present legally supported analysis for its argument, we may treat the issue as waived or meritless and need not consider it further. (*Estate of Cairns* (2010) 188 Cal.App.4th 937, 949; *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1004.)

Plaintiffs sought to enjoin only NDEx West, the trustee or agent conducting the nonjudicial foreclosure sale, and not Wells Fargo, the defendant that is or claims to be the beneficiary of the deed of trust at whose instance and request the sale was initiated. Wells Fargo, the party claiming the direct financial interest in conducting the sale, opposed the motion and requested a bond of $50,000. The court enjoined both parties, but instead of entering one order enjoining them both and setting one bond to protect both defendants against any potential damage, it entered separate orders, neither of which required a bond, despite Wells Fargo's request. Plaintiffs fail to address application of the waiver doctrine in this complicated factual situation. Accordingly, we decline to consider plaintiffs' cursory argument, which is unsupported by citation of authority or meaningful discussion of the factual situation in which the question arises.

## IV. *Failure to require a bond*

"On granting an injunction, the court or judge must require an undertaking on the part of the applicant to the effect that the applicant will pay to the party enjoined any damages, not exceeding an amount to be specified, the party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled to the injunction." (Code Civ. Proc., § 529.[4]) Although section 529 and section 995.240 contain some exceptions to the bond requirement,[5] if none of the exceptions applies, a bond is mandatory, not discretionary. (*Mangini v. J.G. Durand International* (1994) 31 Cal.App.4th 214, 217; *ABBA Rubber Co. v. Seaquist* (1991) 235 Cal.App.3d 1, 10

---

[4]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[5]The court has discretion to issue a preliminary injunction without a bond when the applicant is a spouse in a separation or dissolution proceeding; is an applicant under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.); is a public entity or officer described in section 995.220; or is an applicant who is indigent. (§§ 529, subd. (b), 995.240.)

(*ABBA*).)  Where an exception does not apply, a preliminary injunction issued without a bond is a nullity.  (*Mangini, supra*, at p. 217.)  No evidence was presented to show that any of the exceptions applied, and the trial court's orders do not indicate it found any of the statutory exceptions to the bond requirement applicable in this case.[6]  Consequently, the preliminary injunctions are invalid because they failed to require the posting of a bond.[7]

### A.    *Amount of bond*

Plaintiffs and amici curiae argue the absence of a requirement of a bond was justified by defendants' failure to present evidence of any potential damages they might incur as a result of the preliminary injunction.  In imposing the bond requirement, "the trial court's function is to estimate the harmful effect which the injunction is likely to have on the restrained party, and to set the undertaking at that sum."  (*ABBA, supra*, 235 Cal.App.3d at p. 14.)  "[T]he first step is to identify the types of damages which the law allows a restrained party to recover in the event that the issuance of the injunction is determined to have been unjustified.  The sole limit imposed by the statute is that the harm must have been proximately caused by the wrongfully issued injunction.  [Citation.]  Case law adds only the limitation that the damages be reasonably foreseeable.  [Citations.]"  (*Ibid.*)

Recoverable damages include reasonable attorney fees incurred in successfully procuring a final decision dissolving the injunction.  (*ABBA, supra*, 235 Cal.App.3d at p. 15.)  "Thus, 'a successful appeal from an order granting an injunction, after notice and hearing, gives rise to liability on the bond for damages' in the amount of the attorney's

---

[6]We address plaintiffs' argument that the trial court "may" have waived the bond due to indigence in section IV.C., below.

[7]Plaintiffs, however, are not precluded on this ground from making another application for a preliminary injunction.  (*Miller v. Santa Margarita Land & Cattle Co*. (1963) 217 Cal.App.2d 764, 766.)

fees incurred in prosecuting that appeal. [Citation.] If the preliminary injunction is valid and regular on its face, requiring the defendant to defend against the main action in order to demonstrate that the injunction was wrongfully issued, the prevailing defendant may recover that portion of his attorney's fees attributable to defending against those causes of action on which the issuance of the preliminary injunction had been based. [Citation.]" (*Id*. at p. 16.) Further, "where a sale under a deed of trust wrongfully is enjoined compensation for the delay caused by the injunction may include an award to the beneficiary of interest on the amount which would have been received from the enjoined sale, provided the amount of the award, taking into consideration the amount received from the subsequent sale, may not exceed the actual loss sustained." (*Surety Sav. & Loan Assn. v. National Automobile & Cas. Ins. Co*. (1970) 8 Cal.App.3d 752, 759.)

Wells Fargo requested a $50,000 bond to cover its losses incurred as a result of the preliminary injunction. One of the items of damages claimed was attorney fees required to bring this case to trial and defeat plaintiffs' claims to an injunction against the sale of their property. In other contexts, courts have recognized the ability of the trial court to determine the value of attorney services even in the absence of expert testimony. "'The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. [Citations.]'" (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096.) The same is true in the context of awarding attorney fees as damages for an improperly imposed preliminary injunction. "It is now well settled that reasonable counsel fees and expenses incurred in successfully procuring a final decision dissolving the injunction are recoverable as 'damages' within the meaning of the language of the undertaking, to the extent that those fees are for services that relate to such dissolution [citations]. The fixing of a reasonable fee rests in the discretion of the trial judge and an appellate court will not disturb the ruling unless '"the sum allowed is so exorbitant that its allowance constitutes a palpable

and plain abuse of discretion."' [Citations.]" (*Russell v. United Pacific Ins. Co.* (1963) 214 Cal.App.2d 78, 88-89.) Where attorney fees are claimed as potential damages, we believe trial courts have the ability and obligation to estimate the amount of attorney fees the restrained party is likely to incur in prevailing at trial on the causes of action on which the preliminary injunction was based, in order to set the amount of the bond that is required in conjunction with issuance of the preliminary injunction. An estimate proffered by the attorney for the restrained party may assist the court, but the determination is within the court's discretion. Counsel for Wells Fargo did not specifically estimate its potential attorney fees, but requested a $50,000 bond to cover those fees and other potential damages. The trial court knew the nature and status of the case. It knew the case was in its early stages. It was aware of the claims being made by plaintiffs and the issues being raised by both parties, as set out in the complaint, the application for a preliminary injunction, and Wells Fargo's opposition to the application. There was no contention Wells Fargo would not incur any attorney fees resulting from the preliminary injunction, in the event the court later determined plaintiffs were not entitled to injunctive relief. Consequently, lack of evidence of potential damages was not a valid basis for denying a bond, at least as to potential attorney fees incurred in obtaining a final decision dissolving the injunction.

### B.    *Sufficiency of security*

The March 2 and March 8 orders enjoining NDEx West from conducting a trustee's sale of plaintiffs' real property do not mention a bond. In the March 5 order enjoining the remaining defendants, the trial court found no bond was necessary because "the property is sufficient security." (Capitalization omitted.)

Plaintiffs did not argue in their application for a preliminary injunction that a bond was not required because Wells Fargo's security interest sufficiently protected defendants against a wrongly imposed preliminary injunction. On the contrary, plaintiffs' complaint is based on allegations that Wells Fargo was not the holder of their promissory note, did

10.

not have a perfected security interest in it, was not the correct party to enforce the note and deed of trust, and had no legal interest in the property. In their application for preliminary injunction, in a section discussing irreparable injury and the balance of harms to the parties, plaintiffs stated: "There is no cost or prejudice to Defendant for this preliminary injunction to issue, as the Trustee has no stake in the proceeding, and the Defendants Wachovia and Wells Fargo Bank are only servicing agents, whereas the real investor may be nowhere to be found." (Capitalization omitted.) Plaintiffs did acknowledge, however, that "[i]f the defendants' interest in the property holds up to scrutiny in court, the defendants will still have the opportunity to foreclose after determination of these crucial statutory issues."

We have not been cited to any California authority allowing the trial court to decline to order a bond when it issues a preliminary injunction enjoining a trustee's sale of real property held as security for a debt, simply because there is security for the debt. This is not one of the statutory exceptions to the bond requirement. (See § 529.) The bond requirement protects the restrained party against damages that result from the preliminary injunction. Such damages may or may not be recoverable as part of the secured debt.

Wells Fargo requested a $50,000 bond to cover its losses incurred as a result of the preliminary injunction. It claimed as potential losses its attorney fees and costs in defending the action through trial to obtain dissolution of the preliminary injunction, lost payments on plaintiffs' debt during pendency of the action, and any drop in the value of the property due to the delay in sale. At the OSC hearing, counsel for plaintiffs speculated that, if the sale of the property was postponed and plaintiffs ultimately lost at trial, defendants could still foreclose and the property "might even be more valuable on the date of the foreclosure sale than it is today." The trial court agreed, stating "I'm well aware of that market. The reality is that we're probably at a low, waiting would probably be to the benefit of the bank even if they prevail. I agree. I understand that."

11.

The court did not have before it any evidence of the then-current value of the property. It had before it the deed of trust, which indicated the original loan amount was $300,000. It had the notice of trustee's sale, which reflected an unpaid balance on the obligation of $358,017.60 as of May 5, 2011, 10 months before the hearing of the application for preliminary injunction. There was no evidence, by expert opinion or otherwise, that the property was likely to increase in value over any particular period of time in the future, and no indication that the future value would be sufficient to secure both the obligation under the promissory note secured by the deed of trust and the damages Wells Fargo was likely to incur as a result of the preliminary injunction, if it was later determined plaintiffs were not entitled to a preliminary injunction.

If the damages arising out of imposition of a preliminary injunction to which plaintiffs were not entitled were to be added to the obligation secured by the deed of trust, then there would be security for those damages only to the extent the value of the property at the time of the trustee's sale exceeded the obligation otherwise owing. As of May 5, 2011, the total unpaid balance of the obligation secured by the deed of trust was $358,017.60. Thus, the value of the property at the time of sale would have to exceed that amount, plus any interest or other charges accruing in the meantime, in order for the security to even begin to protect Wells Fargo against damages caused by imposition of a preliminary injunction to which plaintiffs are not entitled.

The deed of trust, however, provides: "The maximum aggregate principal balance secured by this deed of trust is $375,000 …." (Capitalization omitted.) Thus, the security available to protect Wells Fargo against those damages is limited to the difference between $375,000 and the obligation otherwise owing, assuming the value of the property at the time of the trustee's sale is at least $375,000. Consequently, any increase in the value of the property due to a favorable market is relevant only up to a value of $375,000, and the security available to protect against Wells Fargo's damages from a wrongly entered preliminary injunction will decrease over time as the obligation

12.

under the deed of trust increases due to accruing interest and other charges, even as Wells Fargo's damages in the form of attorney fees for this litigation increase.

Therefore, even if the trial court were authorized to substitute the beneficiary's security interest in the real property under the deed of trust for a bond protecting the beneficiary against damages incurred due to a wrongly issued preliminary injunction enjoining the trustee's sale, or to decline to impose a bond requirement because the restrained parties are unlikely to sustain damage due to their existing security interest in the property, substantial evidence does not support the trial court's determination that "the property is sufficient security" (capitalization omitted) to protect defendants' interests.[8]  There was no evidence before the court that the anticipated value of the property at some future time when the preliminary injunction is dissolved would be sufficient to secure both Wells Fargo's damages resulting from the preliminary injunction and the debt otherwise owing and secured by the deed of trust.  The trial court was required to order posting of a bond and, in the absence of an order requiring a bond, the preliminary injunctions were invalid and unenforceable.

### C.    *Mabry v. Superior Court*

Plaintiffs argue that their application for a preliminary injunction also contained a request for a postponement of the trustee's sale pursuant to Civil Code section 2923.5 and *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, which does not require posting of a bond.  Civil Code section 2923.5 requires that, before a notice of default may be recorded, the mortgage servicer, trustee, beneficiary, or authorized agent must contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  (*Id.,* subd. (a).)  The notice of default must include a declaration that the mortgage servicer complied with this requirement or, despite due

---

[8]We note there is no claim that NDEx West held any security interest in plaintiffs' property that would protect it against an improvidently granted preliminary injunction.

13.

diligence, was unable to contact the borrower.  (*Id.,* subds. (b), (e).)  The only remedy for a failure to comply with this requirement is a postponement of the sale pursuant to Civil Code section 2924g to permit the lender to comply.  (*Mabry, supra*, at pp. 214, 225-226.)

Plaintiffs' application asked for a TRO "pending a determination of whether a postponement under Civil Code § 2924g or a Preliminary Injunction should issue pursuant to the OSC."  It discussed the *Mabry* case and the requirements of Civil Code section 2923.5.  It also cited sections 526 and 527 regarding preliminary injunctions, and argued at length that the requirements for issuance of a preliminary injunction— irreparable injury, balance of the harms, and likelihood of success on the merits—were met.  The trial court did not grant a postponement of the sale pursuant to *Mabry*.  The March 2 order states:  "Preliminary injunction to issue as to NDEx."  (Capitalization omitted.)  The March 5 order states:  "Preliminary injunction is granted as to all remaining parties."  (Capitalization omitted.)  The March 8 formal order restrains NDEx West from proceeding with the trustee's sale "[u]ntil this action is concluded by trial or other permanent disposition .…"  The court did not merely postpone the sale until defendants could comply with the contact requirements of Civil Code section 2923.5.  Preliminary injunctions were granted and a bond was required.

### D.     *Indigence*

Section 995.240 provides that the court may waive the provision for a bond if it determines the party who would be required to post it is indigent.  Plaintiffs speculate that the trial court may have waived the bond on this ground, based on papers filed by Wells Fargo indicating plaintiffs had at one time filed a bankruptcy proceeding.  Plaintiffs did not request a waiver of the bond due to indigence.  Plaintiffs have not cited this court to any portion of the record containing any evidence of bankruptcy or indigence.[9]  The

---

[9]"Each and every statement in a brief regarding matters that are in the record on appeal, whether factual or procedural, must be supported by a citation to the record." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96-97, fn. 2.)

court's orders do not indicate it waived the bond requirement due to plaintiffs' indigence. Plaintiffs' argument is without merit.

### E. Section 995.930

Plaintiffs contend defendants waived any objection to the lack of a bond by failing to file an objection pursuant to section 995.930. Section 995.920 permits the beneficiary of a bond to object to the bond if the sureties are insufficient, the amount of the bond is insufficient, or the bond is insufficient from any other cause. Section 995.930 provides that such an objection shall be made by noticed motion, specifying the precise grounds for the objection. (§ 995.930, subd. (a).) The objection "shall be made within 10 days after service of a copy of the bond on the beneficiary," and, if no objection is made within that time, the beneficiary is deemed to have waived its objections. (§ 995.930, subds. (b), (c).)

By their terms, these sections pertain to an objection to the amount of a bond, which must be made within 10 days after service on the beneficiary of a copy of the bond. They do not apply to an order for a preliminary injunction which entirely fails to address the bond requirement or orders that no bond is necessary. Defendants' objection is not to the insufficiency of the amount of the bond posted; their objection is to the absence of any requirement that a bond be posted at all. Defendants did not waive this objection by failing to file a noticed motion pursuant to section 995.930.

### V. Issues raised by amici curiae brief

"California courts refuse to consider arguments raised by amicus curiae when those arguments are not presented in the trial court, and are not urged by the parties on appeal. '"Amicus curiae must accept the issues made and propositions urged by the appealing parties, and any additional questions presented in a brief filed by an amicus curiae will not be considered [citations]."' [Citations.]" (*California Assn. for Safety Education v. Brown* (1994) 30 Cal.App.4th 1264, 1275.) The arguments by amici curiae not addressed in this opinion, including arguments concerning the effect of the anti-

deficiency statutes and whether the trial court has inherent discretion to waive the bond requirement, were not raised by the parties in the trial court or in this appeal. Consequently, we decline to consider those arguments.

## ***DISPOSITION***

The orders granting the preliminary injunctions are reversed. Defendants and Appellants shall recover their costs on appeal.

_____
Sarkisian, J.[*]

WE CONCUR:


_____
Poochigian, Acting P.J.


_____
Peña, J.

---

[*]Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16.